# GARFIELD v. KNIGHT'S FERRY & TABLE MOUNTAIN WATER CO.

THOUGH a pleading is not strictly proof for the party making it, still a complaint may be read to the jury to show what allegations are not denied, and hence admitted.

Garfield *v.* Knight's Ferry Water Co.

Defendant can protect himself against any improper effect of this, by asking of the Court directions, limiting the effect to a particular purpose.

Admissions of an agent, to bind the principal, must constitute part of the *res gestæ* —that is, they must be made with reference to the subject-matter, and at the time of the act done.

Where a paper purporting to be an admission by an agent, is attached to the complaint as an exhibit, and the answer denies the agency, the paper is not evidence until the agency is proven.

APPEAL from the Fifth District.

The case is stated by the Court.

*H. P. Barber,* for Appellant.

1. The complaint ought not to have been read to the jury.

2. Exhibit " B " was not admissible, because there was no evidence that Kappleman & Co. were agents of defendant at the date of the exhibit. (*Innis* v. *The Senator,* 1 Cal. 459; *Gerke* v. *Cal. Steam Nav. Co.* 9 Id. 251; 3 Cowen & Hill's Notes, 408, and cases; *Fogg* v. *Child,* 13 Barb. 246.)

*L. Quint,* for Respondent.

The complaint being verified, it was properly read to the jury. All the facts not denied were admitted. (*Morgan* v. *Hugg,* 5 Cal. 409.)

BALDWIN J. delivered the opinion of the Court—TERRY, C. J. concurring.

Action for work and labor done on defendant's ditch, and the enforcement of a mechanic's lien.

1. The first error assigned is that the Court allowed the plaintiff to read his complaint in evidence, against a general objection by defendant. The complaint was verified, as was the answer. It is very true that a pleading is not proof for the party making it, nor do we understand that the learned Judge below so ruled; but the effect of it is evidence under some circumstances. Whatever allegations of a sworn complaint are not specifically denied, are admitted; and, doubtless, the plaintiff offered the complaint to show what the allegations were, and that they were not, or some of them were not, denied. There could be no harm in reading the complaint to the jury; the defendant could easily have protected himself against any

improper effect of this by asking appropriate directions from the Court, or making a specific objection to the introduction of it, limiting the effect to a particular purpose. The Court would then have told the jury that the only legitimate effect of the paper was to show the Court and jury that the allegations, or some of them, were admitted, by not being denied.

2. A more serious objection is to the ruling of the Court, admitting a paper, (Exhibit B,) in evidence. This paper is in these words:

"KNIGHT'S FERRY, June 18, 1858.

We, the undersigned, do hereby acknowledge the lien of M. J. Garfield, on the Knight's Ferry & Table Mountain Water Co.'s dam, amounting to eight hundred and twenty-seven dollars and fifty cents, is correct.

(Signed)                          KAPPLEMAN & Co."

It does not appear that Kappleman & Co. at this time, were stockholders or corporators of this concern, if that fact would help the plaintiff. It is true, that there is some evidence that these men were agents of the company; but no proof had been given to show that they were agents at the date of this writing. The complaint charges the work to have been done between June, 1857, and January, 1858; the date of this paper is June, 1858.

If, by virtue of this agency, Kappleman & Co. could, during the time of the agency, and while the work was going on, have made the admission contained in this paper, so as to bind the defendants, no proof was offered to show that they could do so at the date of the paper. An agent is empowered to act for the principal, but has no power to make admissions to bind him, unless those admissions constitute a part of the *res gestæ*. This was not. It seems to be only the admission of a fact which occurred, as alleged, during the agency. This was held in *Innis* v. *The Senator*, (1 Cal. 459,) and *Gerke* v. *Cal. St. Nav. Co.* (9 Id. 251, and is a plain and well recognized rule of law. (Story on Agency, Sec. 134, *et seq.*)

We do not see that the fact that this paper was attached to the complaint as an exhibit, alters the rule. When the agency was denied by the answer, it became necessary to establish it by

legal proof; and the mere production of this paper did not so establish it.

Judgment reversed and cause remanded.