6878

POWERS v. SMITH.

PRESUMPTION OF OUSTER—ADVERSE POSSESSION—TACKING POSSESSION.—In action by tenants in common possession for twenty years in face of notorious and exclusive possession by other tenants with the use and exercise of authority incident to exclusive and adverse ownership presumes ouster, and to acquire such possession heir may tack his possession to that of ancestor.

Before MEMMINGER, J., Spartanburg, March, 1906. Affirmed.

Action by B. A. Powers *et al.* against S. F. Smith *et al.* From judgment for defendants, plaintiffs appeal.

*Mr. Stanyarne Wilson,* for appellants, cites: *Possession of one tenant does not begin to be adverse to other cotenants until ousted:* 61 S. C., 289; 13 Rich., 60; 26 S. C., 244;

1 Ency., 533; 48 S. C., 293. *Possession for twenty years to make ouster must be adverse:* 2 Hill Ch., 511; 26 S. C., 185; 50 S. C., 168; 48 S. C., 489.

*Mr. Ralph K. Carson,* contra, cites: *Exclusive adverse possession for twenty years presumes ouster:* 48 S. C., 293; 50 S. C., 161. *Heir may tack his possession to that of ancestor to make up this period:* 60 S. C., 161.

April 21, 1908. The opinion of the Court was delivered by

Mr. Justice Woods. In the answer to this complaint for partition, the defendants set up exclusive title to the land in themselves, and on the legal issue of title, the jury found in their favor. The exceptions allege error in the charge of the Circuit Judge.

There was no dispute as to the material facts. The land belonged to John Coan and Andrew Coan, father and son, who acquired title by conveyance made to them in 1846 and 1849. John Coan lived on the land and died there intestate in 1868, leaving as heirs his son, Andrew, and his daughters, Jane Hendrix and Polly Powers. The plaintiffs are descendants and heirs of Polly Powers, who died in 1889, and of Jane Hendrix, who died in 1893, and as such allege that they are entitled to two-thirds of the one-half interest of their ancestor, John Coan, in the land in dispute. The defendants are the heirs of Andrew Coan, and claim the exclusive ownership of the land by adverse possession and the presumption of a deed. To sustain this claim they offered evidence, which was undisputed, that John Coan and Andrew Coan lived on the land together from the death of John's wife, in 1853, until his death in 1868; that during this period Andrew took care of his father and used and controlled the land as his own, and continued so to do until his death in 1890 or 1891, and that since his death up to the commencement of this action in 1904, his daughter, Annie

Smith, and after her death, the defendants, her husband and children, have continued to use and control the land as their own, paying the taxes and making occasional improvements.

Polly Powers, after the death of John Coan, lived on the land with one of her sons, who rented it from Andrew Coan. While living on the land, Polly Powers, according to the testimony of her grandson, D. O. Powers, told Andrew Coan she claimed an interest in the land as an heir of her father, but received from him no response. After her death her son and his family moved away.

The plaintiffs, William Hendrix, E. C. Powers, J. C. Powers and Alexander Powers, testified they had no notice that Andrew Coan or his heirs claimed to be exclusive owners of the land. J. C. Powers testified he had such notice just after Andrew Coan's death.

The general statement of the rule made in the charge that at the expiration of twenty years of possession the law will presume a deed or grant to have been made by the rightful owner at the beginning of the possession was correct. *McLeod* v. *Rogers,* 2 Rich., 22; *Metz* v. *Metz,* 48 S. C., 491, S. E., 787; *Coleman* v. *Coleman,* 71 S. C., 521, 51 S. E., 250. The instruction had already been explicitly given that for such possession to warrant the presumption of a deed in favor of one tenant in common against the others, the possession must be openly and notoriously hostile and adverse.

There is no support for the position that the adverse possession of ancestors and heir can not be tacked to make out the period necessary to establish the title by adverse possession or by presumption of a deed. *Duren* v. *Kee,* 26 S. C., 219, 2 S. E., 4; *Burnett* v. *Crawford,* 50 S. C., 161, 27 S. E., 645; *Turpin* v. *Suddath,* 53 S. C., 311, 31 S. E., 212.

The last sentence of the following charge, given at the defendant's request, is alleged as error: "A tenant is not bound to give actual notice to his cotenant of ouster, but he may do this by conduct. Holding exclusively and adversely and openly are the highest acts in the power of a disseizer to indicate his intention. The law presumes possession unex-

plained to be adverse possession." The sentence is taken from the Circuit decree of Judge Benet, in *Miller* v. *Cramer,* 48 S. C., 293, 26 S. E., 257, and was quoted by him from *Alexander* v. *Gibbons* (N. C.), 24 S. E., 750. While the decree was adopted as the opinion of this Court, it is not to be concluded the Court intended to bind itself to every quotation and citation found in it. The statute law of this State is: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for ten years before the commencement of such action." Code of Procedure, Section 101; *Love* v. *Turner,* 71 S. C., 330, 51 S. E., 101. The charge, however, was so clear and full as to the necessity of the defendants showing affirmatively adverse possession, that the Court would hesitate to grant a new trial on this ground.

But aside from that, the judgment must be affirmed because it is manifest there was no possible view of the evidence which would have warranted a verdict for the plaintiffs. Leaving out of the consideration Andrew Coan's possession during the life of his father, certainly from the day of his father's death in 1868 until 1890 or 1891—a period of twenty-two years, he had possession of the land, renting it out, paying taxes and otherwise using it as his own, without any recognition whatever of the claim of the plaintiffs or their ancestors. Ann Smith, his daughter, as his heir, and the defendants, her husband and children, as her heirs, have continued unbroken the possession and use commenced by Andrew Coan. Thus it appears the defendants' claim to the land rests on an unbroken, exclusive possession and use from 1868 to 1904, a period of thirty-six

years, unaffected by any intervening disability of the plaintiffs or those under whom they claim.

Inaction by tenants in common or any others, claimants to land, for twenty years in the face of notorious and exclusive possession, with the use and exercise of authority incident to exclusive and adverse ownership, is sufficient to rebut the presumption that possession is in subordination to the legal title, and to establish the presumption of a grant or deed, and almost any other presumption necessary to the protection of the possession. *Gray* v. *Givens,* 2 Hill's Ch., 511; *Trustees* v. *McCully,* 11 Rich., 429; *Massey* v. *Adams,* 3 S. C., 254; *McGee* v. *Hall,* 26 S. C., 179, 1 S. E., 711; *Stone* v. *Fitts,* 38 S. C., 394, 17 S. E., 136; *Trustees* v. *Jennings,* 40 S. C., 179, 18 S. E., 257; *Miller* v. *Cramer,* 48 S. C., 291, 26 S. E., 657; *Metz* v. *Metz,* 48 S. C., 472, 26 S. E., 787; *Young* v. *McNeil,* 78 S. C., 155.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.