[L. A. No. 3616.    Department Two.—February 16. 1916.]

J. C. FLICKINGER, Respondent, v. WRENN INVESTMENT COMPANY (a Corporation), O. C. HECK, and J. BENSON WRENN, JOHN ROBERTSON, and EVERETT KING, Trustees of the Wrenn Investment Company, Appellants.

OPTION TO COMPEL PURCHASE OF STOCK—TENDER OF STOCK AND DEMAND NECESSARY TO COMPLETE CAUSE OF ACTION.—In an action for damages for the failure of defendants to purchase certain stock in a corporation which defendants had agreed to do at a certain time, at the option of plaintiff, upon notice to defendants, the giving of such notice was not sufficient to put defendants in default in the absence of a tender of the stock and a demand for payment for it under the contract.

ID.—EXCUSE FOR FAILURE TO MAKE TENDER AND DEMAND—STATEMENTS TO AND BY PERSON WITHOUT AUTHORITY.—In such a case a waiver of the necessity of tender and demand by the plaintiff is not established by evidence of the attorney for plaintiff that one, whose authority to speak for the company or the other defendants was not proved, had stated to him that neither he nor the company would pay anything to plaintiff for the stock, nor by evidence of an employee of the company that he had overheard two of the defendants connected with the company state in conversation that they did not intend to pay to plaintiff the amount called for by the option contract, and had reported the conversation to plaintiff long before the time for exercising the option arrived, when the informant was not authorized· to receive communications on behalf of the plaintiff, and the plain-· tiff, with opportunities to inquire of defendants about it, had not done so, and had taken no action concerning it.

APPEAL from an order of the Superior Court of Kern County granting a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

T. N. Harvey, and Geo. E. Whitaker, for Appellants.

W. W. Kaye, and Alfred Siemon, for Respondent.

HENSHAW, J.—The defendants, Wrenn Investment Company, a corporation, and O. C. Heck, were interested as stockholders in the Owners Garage and Supply Company.   To increase the working capital of this company and to secure the services of plaintiff, they induced him to purchase twenty-five shares of the stock of the Owners Garage and Supply Company at par and to take employment in that company as manager for the period of one year, agreeing in writing that they (the defendants) would "at the option of the party of the second part (plaintiff), at the expiration of one year from the date hereof purchase from the said second party the said twenty-five shares of the capital stock of the said corporation for said sum of $2500 . . . provided that said second party may give ten days notice before the expiration of said year of his intention to exercise said option."

In his complaint plaintiff set up these facts and pleaded further that "at the expiration of one year from the date of the said contract the said plaintiff exercised his option to sell and deliver the said 25 shares of the capital stock of the said Garage & Supply Company to the defendants for the sum of $2500 and in accordance therewith gave to the defendants and to each of them ten days' notice before the expiration of the said year of the intention of the plaintiff to exercise said option and thereupon tendered to the said defendants the said shares of stock and the said certificate No. 54."

The defendants met this complaint with certain admissions and denials, the essential admissions going to the execution of the contract and their failure to purchase the stock from plaintiff, their denials joining issue upon the allegations of the exercise of his option by plaintiff.

Upon the trial there was introduced in evidence plaintiff's written notification delivered to the defendants ten days or

more before the expiration of the year. The writing was a notification by plaintiff "that I intend to exercise the option given to me under agreement dated the first day of March, 1910, for the sale by me to you of twenty-five shares of the capital stock of the Owners Garage & Supply Company for the sum of $2500. Upon payment of the said sum to me on the 1st day of March, 1911, the said stock will be delivered to you." It further appeared that plaintiff did nothing more in the matter until he brought his action months afterward. Only upon the trial did he tender to defendants the certificate of stock. In this condition of the evidence defendants moved for a nonsuit upon the unassailable ground that plaintiff had not shown an exercise of his option so as to put defendants in default, but had shown merely a service upon defendants of the preliminary ten days' notice, without which he could not at the expiration of the year take the second necessary step of tender and demand; that this tender and demand he had never made, and the evidence showed that he had never made it.

The trial court, expressing its conviction that the motion for a nonsuit must be granted, permitted plaintiff to reopen his case and introduce evidence to excuse him for this failure. After this evidence was introduced the court granted the motion for a nonsuit. The plaintiff then moved for a new trial, which the court granted. It is from this last order that this appeal is taken.

By respondent a preliminary objection to the hearing of this appeal is made upon the ground that the appellants have prepared no bill of exceptions to support their contentions upon which alone they may be considered. The contention is groundless. (Code Civ. Proc., secs. 952, 661, 662; *Loucks* v. *Edmondson*, 18 Cal. 203; *Quivey* v. *Gambert*, 32 Cal. 304; *Leonard* v. *Shaw*, 114 Cal. 69, [45 Pac. 1012]; *Sprigg* v. *Barber*, 122 Cal. 573, [55 Pac. 419]; *Byxbee* v. *Dewey*, 128 Cal. 322, [60 Pac. 847]; *Frost* v. *Los Angeles Ry. Co.*, 165 Cal. 365, [132 Pac. 442].)

It is apparent that the court's order granting a new trial must have been based upon its conviction that the proffered evidence to receive which the case had been reopened was legally sufficient to show a waiver of the necessity of performance on the part of plaintiff because of the repudiation of their contract by defendants. This, of course, presents an

entirely different cause of action from that relied on in the complaint, which squarely rests upon full performance by plaintiff of the terms of the contract, including the notice of intent to exercise the option and the exercise of the option itself. Conceivably, however, if the evidence were sufficient to show this waiver, the court in the interest of justice might have permitted an amendment to conform to the proofs, and so have obviated the legal difficulty that a judgment cannot be sustained unless the proof establishes the cause of action alleged in the complaint, even though a different cause of action be fully proven. (*Nichols* v. *Randall,* 136 Cal. 426, [69 Pac. 26] ; *Rogers* v. *Kimball,* 121 Cal. 247, [53 Pac. 648] ; *Schirmer* v. *Drexler,* 134 Cal. 134, [66 Pac. 180] ; *Kredo* v. *Phelps,* 145 Cal. 526, [78 Pac. 1044].) We pass on, therefore, to a consideration of the evidence introduced.

The Wrenn Investment Company was a corporation. W. W. Kaye, one of the attorneys for plaintiff, was permitted to testify that he went to see defendant Wrenn, who, he understood, was carrying on negotiations looking to the sale of the Owners Garage and Supply Company, and told him that Flickinger would not consent to a sale "unless something was done on the part of himself or the Wrenn Investment Company and Mr. Heck in regard to taking up this contract which is the subject of action." Mr. Wrenn replied "that he or they would not entertain any proposition at all in regard to carrying out that contract. He said that before he would pay one cent or offer one cent to Mr. Flickinger on that stock he would take the whole concern out in the street and burn it." Mr. Kaye did not know what, if any, position Mr. Wrenn occupied in the Wrenn Investment Company ; did not know whether or not he had any authority to represent the company or to represent the defendant Heck. All that he knew was that he purported to speak for the Wrenn Investment Company, but he knew nothing about his authorization or lack of authorization so to do. Another witness, E. P. Hoisington, in the employ of the defendants Wrenn and Heck, testified that he overheard Mr. Wrenn and Mr. Heck in conversation state that "they did not intend to pay Mr. Flickinger the amount that became due on this contract." Both of these conversations took place in the summer of 1910, and according to the testimony of plaintiff he was informed of them in July, 1910. Hoisington was

not, nor is it contended that he was, authorized to receive any communication on behalf of plaintiff nor authorized by the defendants to represent them or to communicate to anybody anything which he had overheard. All of this was some nine or ten months before the arrival of the time for the exercise of the option. Flickinger was at the time a director of the Wrenn Investment Company. After receiving this information he did not make the matter of it a subject of inquiry before the board of directors of which he was a member. He said nothing and did nothing in the matter. Indeed, so far from regarding the contract as repudiated, when under familiar principles his right of action would immediately have arisen, he permitted the full time to run, and thereafter, instituting his action, formally pleaded due performance upon his part. Touching the conversation testified to as having been had between Mr. Wrenn and Mr. Kaye, there is an utter failure of evidence to show the agency and authority of Wrenn to speak either for the corporation or for defendant Heck, and without such authority shown, whatever may have been the declarations, they were inadmissible in evidence to bind either of the defendants. (*Garfield* v. *Knight's Ferry W. Co.,* 14 Cal. 35; *Grigsby* v. *Clear Lake Water Co.,* 40 Cal. 396; *Smith* v. *Liverpool W. Ins. Co.,* 107 Cal. 432, [40 Pac. 540]; *Peterson Bros.* v. *Mineral King Fruit Co.,* 140 Cal. 624, [74 Pac. 162]; 1 Clarke & Skyles on Agency, p. 1027; Reinhard on Agency, sec. 353; 31 Cyc. 1654.)

It is unnecessary to pursue the consideration further or to discuss the additional proposition ably presented by appellant to the effect that even if defendants had repudiated their contract, nevertheless plaintiff, by his course of procedure, shown by his complaint, continued to treat the contract as in existence, and, so doing, performance upon his part became incumbent and he failed to perform. (Hammon on Contracts, p. 896; 3 Page on Contracts, sec. 1438; 3 Elliott on Contracts, sec. 2033; *New Brunswick etc. R. Co.* v. *Wheeler,* 12 Fed. 377; *Smith* v. *Georgia etc. Co.,* 113 Ga. 975, [39 S. E. 410]; *Bernstein* v. *Meech,* 130 N. Y. 354, [29 N. E. 255]; *Roeblings Sons* v. *Lock Stitch etc. Co.,* 130 Ill. 660, [22 N. E. 518]; *Zuck* v. *McClure,* 98 Pa. St. 545.)

Without consideration of this last proposition sufficient has been said and shown to establish the error into which the

trial court fell in treating the proffered evidence as in any legal and sufficient way tending to establish plaintiff's case. The order granting the new trial is therefore reversed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.