[L. A. No. 6154. In Bank.—September 17, 1921.]

## M. P. FLICKINGER, Appellant, v. O. C. HECK et al., Respondents.

[1] CONTRACTS—OPTION—ACCEPTANCE—ELECTION.—An option contract may be regarded as embodying an offer, and when the optionee, or person to whom the offer is made, signifies his desire to accept in accordance with the terms of the option, the optionor, or person making the offer, becomes obligated to perform. This acceptance of the offer contained in the option contract is called "election" and gives rise to a subsequent contract between the parties to buy or sell, or perform whatever other acts have been specified in the option contract. The particular act or acts which constitute an election may be fixed by the terms of the option, as also the time when, the place where, and the person to whom it shall be made; and the language of the contract itself controls as to what act or acts constitute an election.

[2] ID.—SALE OF STOCK—OPTION—ELECTION.—Where an option clause in a contract for the sale of stock provided that the first parties would at the option of the second party, at the expiration of a certain time, repurchase from the second party the stock sold for the amount of the purchase price on the exercise of said option, provided the second party should give ten days' notice before expiration of the time of his intention to exercise said option, the giving of the notice gave rise to a binding bilateral contract for the repurchase of the stock.

[3] ID.—DEMAND—TENDER.—Under such a contract all that was required of the second party, after due notice of election, was to offer to perform, by tender and demand, on or within a reasonable time after the date upon which the first parties' obligation to perform arose.

[4] ID.—TIME FOR DEMAND.—The general rule is that where an actual demand is essential as a condition precedent to a complete right of action for the recovery of money, such demand must be made within a reasonable time after it can lawfully be made, or within a reasonable time after the contract by its terms contemplates that it should be made, and that, unless there are peculiar circumstances affecting the question, a time coincident with that of the statute of limitations will be deemed reasonable.

[5] ID.—STATUTE OF LIMITATIONS.—Under such a contract a cause of action arose against the first parties upon their refusal to accept a tender and comply with a demand of the second party, and where the action was brought in less than four years thereafter, it is not barred by subdivision 1 of section 337 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

Kaye & Siemon, W. W. Kaye, L. E. Nathan and Alfred Siemon for Appellant.

George E. Whitaker for Respondent.

LENNON, J.—This is an appeal by plaintiff, M. P. Flickinger, from a judgment for the defendants in an action to recover the purchase price of certain corporate stock.

On March 1, 1910, J. C. Flickinger purchased twenty-five shares of corporate stock from the defendants and paid therefor the sum of two thousand five hundred dollars. In part consideration for this purchase and other acts on the part of J. C. Flickinger, defendants entered into a written agreement with said Flickinger whereby they undertook to repurchase the said stock for two thousand five hundred dollars at Flickinger's option at the expiration of one year from March 1, 1910. It was provided that Flickinger was to give ten days' notice before the expiration of the year of his intention to exercise the option. On February 17, 1911, Flickinger gave the ten days' notice of his intention to require a repurchase of the stock by defendants and thereafter, in September, 1911, brought suit against defendants to recover the purchase price of the stock. Although Flickinger served the ten days' notice upon defendants, he had not, at the commencement of his action, followed up the notice with a technical tender of the stock to and demand of the purchase price from defendants. For this reason he was nonsuited and on appeal the nonsuit was upheld by this court. (*Flickinger* v. *Wrenn Investment Co.*, 172 Cal. 132, [155 Pac. 627].) Thereafter, having made a tender of the stock to defendants and demanded the purchase price on November 29, 1912, J. C. Flickinger assigned his rights to M. P. Flickinger, plaintiff herein, who instituted the present proceedings.

The complaint sets forth four causes of action. The trial court sustained a demurrer to the first cause of action upon the ground that it was barred by subdivision 1 of section

337 of the Code of Civil Procedure, and, upon the other causes of action, made findings to the effect that the option in question was not exercised at the expiration of one year from the date of the contract and that all three causes of action were barred by subdivision 1 of section 337 of the Code of Civil Procedure. Plaintiff appeals upon the grounds that the court erred in finding that the option was not exercised at the expiration of a year from the date of the contract and holding that the action was barred by the statute of limitations.

The controversy over these two points resolves itself into the issue whether it was essential to an exercise of the option that the stock be tendered to defendants and a repurchase demanded at the expiration of one year from the date of the contract, to wit, on the first day of March, 1911. If such be the case, then the option was never exercised, for the tender was not made by plaintiff's assignor until November 29, 1912, and, moreover, even if a tender had been made on March 1, 1911, an action for the refusal to comply with, the terms of the option would be barred by March 1, 1915, whereas the present complaint was filed in May, 1916. The question upon which the rights of the parties depend is, therefore, whether an effective tender and demand might be made after March 1, 1911. This question was not passed upon in *Flickinger* v. *Wrenn Investment Co., supra.* In that case it was decided that an action was not maintainable in the absence of any tender of the stock or demand of the purchase price and plaintiff's assignor was nonsuited upon the ground that "this tender and demand he had never made, and the evidence showed that he had never made it." Therefore, in the present case, it is necessary to proceed upon the premise that a tender and demand are essential to put defendants in default and prerequisite to the maintenance of the present suit. To that extent only does the previous decision operate as *res adjudicata,* the question as to the precise time within which a valid tender and demand may be made coming before this court for the first time on this appeal.

[1] An option contract may be regarded as embodying an offer. When the optionee, or person to whom the offer is made, signifies his desire to accept in accordance with the terms of the option, the optioner, or person making the offer,

becomes obligated to perform. This acceptance of the offer contained in the option contract is called "election" and it gives rise to a subsequent contract between the parties to buy or sell, or perform whatever other acts have been specified in the option contract. (*Pennsylvania Min. Co.* v. *Smith,* 207 Pa. St. 210, [56 Atl. 426].) "The particular act or acts which constitute an election may be fixed by the terms of the option, as also the time when, the place where, and the person to whom it shall be made." (James on Law of Option Contracts, secs. 801, 817.) The language of the contract itself controls as to what act or acts constitute an election. Under the terms of one option, election may consist of a tender of the property to be sold or purchase price to be paid; under the terms of another option, it may consist of a mere notice of election to purchase or sell, leaving payment of the price and delivery of the property as subsequent matters in performance of the executory contract raised by the election. (*Breen* v. *Mayne,* 141 Iowa, 399, [118 N. W. 441]; *Byers* v. *Denver Circle R. Co.,* 13 Colo. 552, [22 Pac. 951]; James on Law of Election Contracts, sec. 817.) If the tender of property or purchase price constitutes an "election," it must be performed in order to turn the offer contained in the option contract into a contractual obligation and, if not performed as provided in the option contract, no subsequent contractual liability arises; if the tender is merely in performance of the contract created by a notice of election, it is controlled by the terms of that contract and "in the absence of anything in the contract itself, the obligation of the parties in the performance of the contract is governed by the law applying generally to bilateral contracts for the purchase and sale of property . . . ". (*Cates* v. *McNeil,* 169 Cal. 697, [147 Pac. 944].)

[2]  The option clause in the instant case reads as follows: "the said first parties [defendants] will at the option of the party of the second part, at the expiration of one year from the date hereof purchase from the said second party the said twenty-five shares of the capital stock of the said corporation for said sum of $2500 Gold Coin of the United States to be paid by the said parties of the first part to said second party at the exercise of said option provided that said second party may give ten days' notice before the expiration of said year of his intention to exercise said option."

In other words, if the second party, plaintiff's assignor, desired the defendants to repurchase the stock, he was to give notice, ten days before the expiration of one year from the date of the contract, of his acceptance of defendants' offer. This notice, which was given as required, gave rise to a binding bilateral contract for the repurchase of the stock. [3] There is nothing in the option clause which requires a tender or demand in order to constitute an election to accept the option. The tender of the stock to defendants was an act in performance of the contract created by the election and, while necessary to put defendants in default under this subsequent bilateral contract, it was a step in pursuance of the contract, not in its creation. (*Cates* v. *McNeil, supra.*) The time for performance is not specified by the parties. If plaintiff's assignor elected to accept the option, defendants' obligation to repurchase arose at the "expiration" of the year, March 1, 1911, but there is no requirement that the terms of the contract must be performed on the day upon which the obligation arises. In other words, the contract does not provide that the stock must be tendered or delivered or payment made on the day upon which defendants' duty to repurchase comes into existence. Consequently, all that was required was that, after due notice of election, plaintiff's assignor offer to perform, by tender and demand, on or within a reasonable time after March 1, 1911, the date upon which defendants' obligation to perform arose. (*Cates* v. *McNeil, supra; Breen* v. *Mayne, supra; Pennsylvania Min. Co.* v. *Smith, supra.*) [4] "The general rule is that where an actual demand is essential as a condition precedent to a complete right of action for the recovery of money, such demand must be made within a reasonable time after it can lawfully be made, or within a reasonable time after the contract by its terms contemplates that it should be made, and that, unless there are peculiar circumstances affecting the question, a time coincident with that of the statute of limitations will be deemed reasonable." (*Vickrey* v. *Maier,* 164 Cal. 384, 389, [129 Pac. 273, 275].) The demand in the instant case was made within less than two years after the right to make it arose. "Where a party may call for the performance of the agreement upon the part of another only by a tender or offer to perform his own agreement, there can be no breach of the contract by

the one until such offer or tender by the other, and the statute will not begin to run until that time.'' (25 Cyc. 1210; *Vickrey* v. *Maier, supra.*) [5] A right of action arose against defendants, therefore, in November, 1912, upon their refusal to accept the tender and comply with the demand, and the present action having been brought within less than four years thereafter, it is not barred by subdivision 1 of section 337 of the Code of Civil Procedure.

The judgment is reversed.

Sloane, J., Shaw, J., Shurtleff, J., Wilbur, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Shaw, J., who was absent.