11489

### WHITAKER *ET AL.* v. JEFFCOAT *ET AL.*

(122 S. E., 495)

1. TENANCY IN COMMON—IN PARTITION ACTION, CLAIM OF ADVERSE POSSESSION HELD FOR JURY.—In partition action, in which one defendant claimed entire property through adverse possession of his grantor against grantor's brothers and sisters, evidence *held* sufficient for submission to jury.

2. TENANCY IN COMMON—NOTICE TO COTENANTS OF ADVERSE CLAIM NECESSARY.—The presumption is that possession of a tenant in common is for benefit of all, and holding tenant must claim the property as his own, and in unequivocal terms so notify the others before the statute begins to run.

Before TOWNSEND, J., Lexington, November, 1922. Affirmed.

Action by Marcela Whitaker and others against Willie E. Jeffcoat and others. From the judgment rendered, the named defendant appeals.

*Messrs. Efird & Carroll,* for appellant, cite: *Statute of Limitations:* 48 S. C., 28, 42; 48 S. C., 472, 188; 10 S. C., 373. *Trespass:* 1 Cyc., 1010-11; 22 S. C., 159; 88 S. C., 184.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for respondents, cite: *Ouster:* 38 Cyc., 21, 39; 38 Cyc. Sec. 3, page 23; 16 S. C., 132; 2 Hill Eq., 511; 27 S. E., 645; 50 S. C., 161.

April 22, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for partition of a tract of land containing 40 acres, which in 1892 belonged to John M. Jeffcoat. The plaintiffs and the defendants, except Willie E. Jeffcoat, are the heirs at law of John M. Jeffcoat, who died in March, 1892. The defendant Willie E. Jeffcoat claims title under a deed from J. Lawton Jeffcoat, a son of John M. Jeffcoat,

dated in January, 1915. He asserted title in his grantor, J. Lawton Jeffcoat, through adverse possession for 10 years and for 20 years. The legal issue of title was tried before his Honor, Judge Townsend, and a jury, the trial resulting in a verdict for the plaintiffs. The defendant Willie E. Jeffcoat has appealed. ·

The facts are these: John M. Jeffcoat owned the land for many years prior to his death in 1892. He had a large family of children, several of whom have since died, leaving children. His son, J. Lawton Jeffcoat, is still living. Prior to his death, exactly when does not appear, John M. Jeffcoat put J. Lawton Jeffcoat in possession of the land, as the latter testified:

"My father put me in possession of the land, and told me to stay on it until he said get off, and he never said get off." .

In the answer of Willie E. Jeffcoat, it is alleged that J. Lawton Jeffcoat held the land as a gift from his father, though the above is the only evidence explaining the entry and possession of J. Lawton Jeffcoat. It is not pretended by J. Lawton Jeffcoat that he ever paid a dollar for the land, or ever accounted to the estate for a single penny on account thereof. His only defense against the claims of his own brothers and sisters and their children is that he acquired title by adverse possession; an unconscionable claim, that the Court should not sustain, except upon a clear preponderance of the evidence.

His entry was, according to his own statement, permissive, without claim or right on his part, subject to dispossession at any time by the word of John M. Jeffcoat. The latter died before he "said get off," and there is evidence tending to show that the possession of J. Lawton Jeffcoat thereafter was by permission of his brothers and sisters, who were more charitable to him than he now appears to them. His possession for more than 20 years is marked by only the slightest evidence of proprietorship. He cultivated the land, it is true, and used the proceeds; but, beyond the erec-

tion of a small cotton house, his expenditures on improvements or other acts indicative of ownership are *nil.* When he was approached by his sister, who heard that he was trying to sell the land, for her interest in the proceeds, he admits that he told her that she had no interest in the land, for the reason, not that it belonged to him, but that *their father had .already given her her share,* a practical admission that it still belonged to the estate. When one of the heirs plowed up a part of his crop, there is evidence that he declared that he had no title and was not in a position to object. The dwelling house on the place became dilapidated, and, instead of renewing it, which was the natural thing to do, he removed the lumber saved from the wreck to his own land and built there.

The presumption is that the possession of a tenant in common is for the benefit of all, and before the statute can begin to run it must appear that the holding tenant claimed the property as his own and has in unequivocal terms so notified the others. *Villard v. Robert,* 1 Strob. Eq., 393. *Gray v. Givens,* 2 Hill, Eq., 511. *Burnett v. Crawford,* 50 S. C., 161; 27 S. E., 645. *McGee v. Hall,* 26 S. C., 179; 1 S. E., 711. *Jefcoat v. Knotts,* 13 Rich., 50. *Gray v. Bates,* 3 Strob., 498. *Metz v. Metz,* 48 S. C., 472; 26 S. E., 787. *Coleman v. Coleman,* 71 S. C., 518; 51 S. E., 250. *Powers v. Smith,* 80 S. C., 110'; 61 S. E., 222.

The evidence was far from conclusive that J. Lawton Jeffcoat had complied with the law of ouster, and being ordinarily a question of fact for the jury, and particularly under the evidence in this case, the Circuit Judge properly submitted it to the jury. 38 Cyc., 39.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur.