[Civ. No. 1522. Fourth Appellate District.—February 19, 1935.]

VETERANS' WELFARE BOARD OF THE STATE OF CALIFORNIA, Respondent, v. WILLIAM LUTHER BURT et al., Appellants.

James E. Fenton for Appellants.

Albert E. Sheets for Respondent.

ALLYN, J., *pro tem.*—The defendant and appellant William Luther Burt in July of 1931 entered into an agreement with plaintiff and respondent to purchase a house and lot under the provisions of the Veterans' Farm and Home Purchase Act. (Chap. 519, Stats. 1921, as amended by chap. 405, Stats. 1923; chap. 822, Stats. 1927, and chap. 1014, Stats. 1931.) The total purchase price under the contract was $5,255, payable $262.75 cash and the balance in monthly instalments of $32.96, beginning September 1, 1931. The defendant husband paid the first instalment on October 31, 1931. No further payments were made or tendered until February 13, 1932, at which time said defendant offered a payment of $30. This money was subsequently returned to him. In the meantime and on January 19, 1932, the plaintiff board passed a resolution and mailed a copy thereof to defendant husband whereby it set the date of cancellation or forfeiture for February 19, 1932, unless all defaulted instalments were paid on or before that date. On February 19th a resolution declaring the forfeiture of the contract for default in payments was duly passed and the defendant husband notified by mail as provided by the contract. Regular statements showing the amount of past due and current instalments were mailed to said defendant on the first of each month. An action to quiet title (Code Civ. Proc., sec. 738) and to determine adverse claims (Code Civ. Proc., sec. 749) was thereafter brought against the purchaser and his wife. The answer pleaded the contract and a waiver of strict compliance as to the terms of payment. The trial court gave judgment for plaintiff. While a motion for new trial was pending amended findings were filed. The motion for new trial was denied and defendants appeal, relying upon four assignments of error: First, that the trial court erred in sustaining an objection to the proffered evidence that defendant husband had talked with the alleged head of plaintiff's collection department in Los Angeles and that he had orally waived the time of payment for the delinquent instalments; second, that the trial court was in error in amending its findings pending the motion for new trial; third, that a general finding that title to the property was in the plaintiff and not in the defendants was not a sufficient finding upon the defense of

waiver; and fourth, that the trial court should have granted an interlocutory decree rather than an absolute one.

■ The first assignment of error must be dismissed for the reason that there was no proof of the agency or authority of the alleged head of the collection department of the Los Angeles office of the board. (*Harris* v. *Miller*, 196 Cal. 8 [235 Pac. 981]; *Flickinger* v. *Wrenn Investment Co.*, 172 Cal. 132 [155 Pac. 627].) ■ Furthermore, if it be admitted that the party with whom the alleged conversation was had was the head of the collection department, defendant husband was dealing with a public agent and was charged with notice of his actual authority (*Walker* v. *Department of Public Works*, 108 Cal. App. 508 [291 Pac. 907]) and of the fact that such power and authority to postpone payments in individual cases is by the express terms of the Veterans' Act vested in the board. (See *California Highway Commission* v. *Riley*, 192 Cal. 97 [218 Pac. 579].) Furthermore, defendant husband could not have been misled by the action of the collection department for the reason that each month he received regular statements and demands, showing the amount of defaulted and current payments due. .

■ A trial court has ample power to change or add to its findings and to modify its judgment in ruling upon a motion for new trial (Code Civ. Proc., sec. 662; *Moore* v. *Levy*, 128 Cal. App. 687 [18 Pac. (2d) 362]) in order to give true expression to the decision of court. (*Heron* v. *Bray*, 122 Cal. App. 79 [9 Pac. (2d) 513].)

■ The general finding that the title to the property was in plaintiff and not in defendants was sufficient for the reason that no adequate evidence was presented or offered to support the issue of waiver, and further because the record would require a finding on this issue adverse to appellants. (*Hawkins* v. *Hawkins*, 104 Cal. App. 608 [286 Pac. 747]; *Maloof* v. *Maloof*, 175 Cal. 571 [166 Pac. 330].)

■ Interlocutory decrees in actions of this kind, whereby a defaulting party is given a definite time within which to make defaulted payments, are within the discretion of the trial court. (*Los Angeles Auto Tractor Co.* v. *Superior Court*, 94 Cal. App. 433 [271 Pac. 363].) Rulings within the court's discretion will not be interfered with in the absence of a clear showing of abuse. (*Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148].) At the time of the trial defendants had been in possession of the property involved for one

year without any payment save the insignificant initial deposit and one monthly instalment. The proposed interlocutory decree provided for a further moratorium of five months within which to cure defaults. The request was unreasonable and in view of all circumstances of the case the trial court was amply justified in denying it and in entering an absolute decree.

The attempted appeal from the order denying the motion for new trial is dismissed and the judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.