17688

Ernestine Butler HORNE, Respondent, v. O. P. COX and B. J. COX, Appellants

(115 S. E. (2d) 513)

42

*H. T. Abbott, Esq.,* of Conway, *for Appellants,*

*Messrs. Dawes & Dawes,* of Loris, *for Respondent.*

July 27, 1960.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Horry County for partition of certain land located therein, it being alleged that plaintiff and the defendants were tenants in common in same. Defendants, by answer, denied plaintiff had any interest in the property. Upon trial, the only issue was that of title.

Defendants made timely motions for nonsuit and directed verdict which were refused; and plaintiff, upon completion of the testimony, moved for a directed verdict, which was granted. Thereafter, defendants moved for a new trial upon grounds that the Court erred in refusing to grant defendants' motions for a nonsuit and directed verdict and refusing to allow the case to go to the jury upon the question of ouster. This motion was refused, and it is upon these questions that the defendants appeal.

C. P. Cox, the grandfather of plaintiff, and Mrs. Laura Jane Cox, the grandmother of plaintiff, owned the land in question as tenants in common from 1904 until the death of C. P. Cox, who died intestate in 1925. Mrs. Laura Jane Cox then had an undivided interest in the land with her six children as tenants in common. In October, 1933, a deed was prepared wherein Mrs. C. P. Cox (Mrs. Laura Jane Cox), Thedus Cox Tedder, B. J. Cox, Laura Butler, C. B. Cox, and Elnita Cox conveyed to O. P. Cox "all of our interest in

the estate of the late C. P. Cox, except it is hereby agreed between the grantors and the grantee that the said Mrs. C. P. Cox does retain a life estate in the above described land." Mrs. C. P. Cox (Mrs. Laura Jane Cox) did not sign the deed, however. In 1937, Mrs. C. P. Cox (Mrs. Laura Jane Cox) died intestate leaving the six children tenants in common, with defendant, O. P. Cox, having the greater interest. On the 18th day of January, 1946, Thedus Cox Tedder, Elnita Cox Libbert, and Clyde Cox executed by way of deed their interest in their mother's estate to plaintiff's mother, Mrs. Laura Cox Butler. B. J. Cox did not sign. On the 9th day of June, 1949, Mrs. Laura Cox Butler by way of deed conveyed her interest in said land to her daughter, Mrs. Ernestine Butler Horne, who on the 30th day of June, 1954, brought an action for partition of the land in question.

It is apparent that plaintiff has established paper title to an undivided interest in the land in question. After the death of C. P. Cox, a tenancy in common existed between Mrs. Laura Jane Cox and her six children until 1933 when O. P. Cox was deeded, with a life estate being reserved to Mrs. Laura Jane Cox, the interest the other five children had acquired upon the death of their father, C. P. Cox, in 1925, which was two-thirds of the one-half. Thereafter, Mrs. Laura Jane Cox and O. P. Cox were tenants in common until Mrs. Jaura Jane Cox died in 1937, who at that time owned one-half of the whole, plus a life estate in two-thirds of the other half, plus the one-third inherited from C. P. Cox.

In the case of cotenancy as in instant case, each tenant has the right in common with a cotenant to possession of the premises held in common and the possession of one is considered the possession of all. The occupancy of the common property by one of the cotenants is entirely consistent with the existence of the cotenancy and a recognition of the rights of the other cotenants to share the possession. And the occupany will be presumed to be that of a tenant in common recognizing the cotenancy. This presumption, however, ceases from the moment such possession

becomes adverse to the other cotenants. If it appears that the occupant of the premises holds not in recognition of, but in hostility to, the rights of the other cotenants, such possession ceases to be constructive possession by them and becomes adverse and if so maintained for the twenty year period or the period provided for by the Statute of Limitations, Code 1952, § 10-124 title will vest in the possessor by adverse possession. In order for such possession, however, to ripen into title by adverse possession against the other cotenants, it must be of such actual, open, notorious, exclusive and hostile character as to amount to an ouster of the other cotenants. While, as it is sometimes expressed, a "turning out by the heels" is not necessary in establishing title by a tenant in common by adverse possession, nevertheless an actual ouster and an exclusion of the other tenants from possession must be shown and the acts relied upon to establish such ouster must be of an unequivocal nature and so distinctly hostile to the rights of the other cotenants that intention of ouster is clear and unmistakable. *Weston v. Morgan,* 162 S. C. 177, 160 S. E. 436; *Powers v. Smith,* 80 S. C. 110, 61 S. E. 222; *Sibley v. Sibley,* 88 S. C. 184, 70 S. E. 615; Ann. Cas. 1912C, 1170; *Whitaker v. Jeffcoat,* 128 S. C. 404, 122 S. E. 495; *Satcher v. Grice,* 53 S. C. 126, 31 S. E. 3; *Miller v. Cramer,* 48 S. C. 282, 26 S. E. 657; *Gray v. Givens,* 2 Hill Eq. 511, 11 S. C. Eq. 511; *McGee v. Hall,* 26 S. C. 179, 1 S. E. 711; *Wells v. Coursey et al.,* 197 S. C. 483, 15 S. E. (2d) 752; *Brevard v. Fortune et al.,* 221 S. C. 117, 69 S. E. 355; *Watson et al. v. Little,* 224 S. C. 359, 79 S. E. (2d) 384; *Terwilliger v. Marion,* 222 S. C. 185, 72 S. E. (2d) 165.

Applying the foregoing principles to instant case, we find that defendant, O. P. Cox, himself testified:

"Q. As long as you have had it since your mother died and your daddy died, have you ever recognized any claim of your brothers and sisters in your 45 acres?

"A. No, sir; haven't made any change from the first day until today. I have done my own renting and tending and doing anything I saw fit to do on the place."

Since the death of their father in 1925 and their mother in 1937, the operation of the farm had been carried on without any significant or noticeable change. There is some evidence that differences had arisen as there is testimony to the effect that in "1947 or 1949" a minister attempted to reconcile the differences between the parties, but the testimony as to this is not clear and convincing as to what was done by the defendant, O. P. Cox, to put plaintiff on notice that he was claiming the place adversely to the other cotenants. He sets up as the bases for ouster that he was in possession, paid the taxes, cut wood therefrom, rented and tilled the soil, sold some timber and constructed buildings, held himself out as owner and never recognized the others as cotenants. However, it is evident that he did recognize others as cotenants because he purchased their interest in the property. He owned an undivided interest in the place and lived thereon and the things he relies upon as notice of ouster to the others he had been doing all along prior to the death of the mother, Mrs. Laura Jane Cox. In fact, as stated above, he "made no change."

Only in rare cases, which may be said to be extreme, has it been held that ouster of the other cotenants was implied from exclusive possession, collection of rents, and improvement of the property by one cotenant. In *Powers v. Smith, supra,* the period of possession was thirty-six years; *Wells v. Coursey, supra,* twenty-seven years; *Brevard v. Fortune, supra,* over forty years; and in *Gray v. Givens, supra,* sixteen years was held insufficient.

At the conclusion of the evidence, the Court ordered a directed verdict in favor of plaintiff, holding that plaintiff is entitled to have the land in question partitioned; and we are of the opinion that the Court committed no error in doing so and in refusing defendants' motions for nonsuit, directed verdict and new trial; that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.