LUELLA LINGE MACK, appellee, v. THORVALD LINGE et al., appellants.

No. 50800.

(Reported in 119 N.W.2d 897)

964

FEBRUARY 12, 1963.

Anderson & Pelzer, Rosendahl & Forsyth and Kennedy & Clark, all of Estherville, for appellants.

Fitzgibbons & Fitzgibbons, of Estherville, for appellee.

HAYS, J.—Nils T. Linge died intestate in 1945 leaving no

surviving spouse but did leave seven children, the plaintiff and defendants in this action. At the time of his death he was owner of the real estate here involved. In 1959 plaintiff commenced this equitable proceedings to partition said real estate, asserting each party to the action owned an undivided one-seventh share, which could not be divided and asked that it be sold. She also asked for an accounting of rents and income by defendant Ivan Linge. Defendants by answer and cross-petition allege Ivan Linge is the owner of said land by reason of an oral agreement entered into on June 23, 1943; that by said agreement Ivan agreed to assume full responsibility for the care of his parents for the remainder of their lives, including last illness and burial and assume a $6000 mortgage on the farm, exchange for which the other brothers and sisters would relinquish all their right of inheritance or other rights to said land. Nils T. Linge died January 13, 1945, and all expenses etc. were paid by Ivan who since such date has resided on the farm as the complete owner in open and adverse possession. Defendants ask that title be quieted in him as sole owner.

On the same date the answer and cross-petition were filed, July 3, 1959, defendants filed motion for Summary Judgment including affidavit by Ivan which incorporated therein the facts set forth in the answer and cross-petition, and that no defense thereto existed. Plaintiff on July 15, 1959, by reply set forth several affirmative defenses. On the same date plaintiff filed resistance to the motion and an affidavit.

On July 16, 1959, defendants moved to strike the affidavit attached to resistance and that Summary Judgment be entered. August 29, 1960, plaintiff filed another affidavit in connection with the resistance. On same date defendants filed motion to strike this affidavit for the reason it was filed too late under rule 238, R. C. P. October 13, 1960, motion for Summary Judgment was overruled. Upon trial upon the merits, the trial court ruled plaintiff and defendants were each owners of an undivided one-seventh share in the real estate and ordered partition and sale; as to the claim for accounting, this was postponed until later date. Defendants have appealed.

Appellant relies upon three propositions for a reversal. (1) Error in holding a failure of proof to establish a valid oral agreement to convey land to Ivan Linge. (2) Error in not finding title by adverse possession in Ivan Linge. (3) Error in overruling motion for Summary Judgment.

I. Error in overruling motion for Summary Judgment.

Rule 238, R. C. P., provides: "Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at any time after defendant appears * * *. * * * Judgment shall be entered as prayed in the motion unless within ten days after it is filed, or such other time as the court may, for good cause, allow, the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend. * * *. The court may, on plaintiff's motion, strike any affidavits filed by defendant which it finds insufficient, frivolous or made only for delay."

In the instant case, plaintiff filed two affidavits—On July 15, 1959, and within the time as agreed upon by counsel, an affidavit was filed by Francis Fitzgibbons, plaintiff's counsel. A motion to strike was filed, but no ruling appears to have been made thereon. More than a year later plaintiff herself filed an affidavit, the sufficiency of which is not questioned. A motion to strike, as being filed too late, was filed which was overruled and motion for a Summary Judgment denied.

We have not heretofore been called upon to determine the force and effect of the clause in rule 238 to the effect that "unless within ten days * * * defendant resists it with affidavits." We do not think we are so confronted now. The record clearly shows that at the time the plaintiff's affidavit was filed, concededly not within the ten-day period, there was on file the Fitzgibbons affidavit and thus there was no default or failure to resist as prescribed by the rule. If the Fitzgibbons affidavit complied with the requirements of the rule, the plaintiff's affidavit was mere surplusage.

We think, under any fair consideration of the Fitzgibbons affidavit. defendants were not entitled to a Summary Judgment. This affidavit states the oral agreement, relied upon

by defendants, did not exist, together with other stated defenses such as Statute of Frauds and res adjudicata. Certainly, the existence of a factual situation, which can only be determined after a trial on the merits, is revealed. See Eaton v. Downey, 254 Iowa 573, 118 N.W.2d 583. We find no error in denying a Summary Judgment.

II. Error in denying defendant's claim of title due to adverse possession.

■■■ It clearly appears since the death of Nils T. Linge in 1945, Ivan Linge has lived upon and operated the farm. He made some improvements and accounted to no one for the rents and profits. He paid the taxes etc., and in effect handled the land as if he was the sole owner. The record shows that in settlement of the Nils Linge estate, the title to the real estate was certified as being owned by plaintiff and defendants in equal shares. Until this action was commenced, there does not appear to have been any statements or claims made of absolute owner-ship to plaintiff or anyone else by Ivan Linge. In the absence of a valid contract, under which Ivan asserts title, it appears to be clear that Ivan's possession, at least to the public, including plaintiff, was that of a cotenant.

The general rule appears to be, that the possession of one tenant in common is presumed to be for the benefit of all, and will, in the absence of statute to the contrary, be regarded as the possession of all cotenants until rendered adverse by some act or declaration by him repudiating their interest in the property. Sagen & Nelson v. Gudmanson, 164 Iowa 440, 145 N.W. 954; Moore v. Olson, 229 Iowa 182, 294 N.W. 305; 3 Am. Jur.2d, Adverse Possession, section 173 et seq.; 82 A. L. R.2d 5; Casey v. Casey, 107 Iowa 192, 77 N.W. 844, 70 Am. St. Rep. 190. Nowhere in the record do we find evidence of an ouster of the cotenants, and the decision of the trial court was correct.

III. Error assigned in the ruling of the trial court that the evidence of an oral agreement giving Ivan the farm was not sufficient to sustain it.

Five of the defendants and the plaintiff testified in regard

thereto. The record is long and we shall not attempt a lengthy recital of their individual statements.

In 1943 the father and mother were both in poor health, especially the mother. Ivan had been running the farm since in 1928. A family gathering was held at the farm in June 1943, with the main discussion being the future care and support of their parents. It was suggested that if Ivan would agree to take care of them and pay the mortgage on the farm, the expenses of the farm and funeral expense, each of the others would turn their share of the farm over to Ivan; that Ivan was contacted by Leo and that he informed Leo he agreed to do it. However, at the meeting there were various ideas expressed and nothing agreed upon. In 1959, long after the death of both the father and mother, another meeting was held, relative to the farm. Five of the seven children were agreeable to Ivan taking the farm. Luella was against it and wanted her share. "Thor" was in favor of leaving Ivan on the farm by a lifetime lease or some other plan; however he said he would go with the majority. The record shows that from 1943 until 1959 Ivan managed the farm, received all income and paid taxes and other farm expenses, as well as making some permanent improvements thereon. During this time an accounting was never requested. It also appears that funeral expenses of the father and mother were paid by Ivan. During all these years whenever some of the brothers and sisters would get together, including Ivan, the subject of the disposal of the farm was raised and discussed, with numerous proposals being presented. At no time did Ivan state he was owner by virtue of any 1943 agreement. While it is true that in the present action all of Ivan's brothers and sisters except Luella join in Ivan's prayer that title be quieted in him, this does not give much support to the claim of a binding contract being made in 1943.

Defendants ask that the title to the farm be quieted in Ivan as against the claim of plaintiff to a one-seventh interest. Their burden is based upon the strength of their own title and not upon the weakness of plaintiff's title. In other words, defendants must show a title as will overcome the presumption of

ownership arising out of a record title held by plaintiff. Atkin v. Westfall, 246 Iowa 822, 69 N.W.2d 523; Jacobs v. Miller, 253 Iowa 213, 111 N.W.2d 673. While there is evidence tending to support defendants' claim of an oral agreement, there is also evidence in contradiction thereof. The general rule is that in this type of action the evidence of the alleged oral agreement must be so cogent, clear and forcible as to leave no reasonable doubt in chancellor's mind as to its terms and character. Swan v. Jhonson, 229 Iowa 1144, 296 N.W. 214; Thompson v. Thompson, 240 Iowa 1162, 39 N.W.2d 132.

The trial court held defendants' proof did not reach the required standard and denied the quiet title. We agree. Finding no error the decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.