473 P.2d 357

Gerald D. NORTHCUTT, Plaintiff-
Appellee,

v.

Donovan W. McPHERSON, Defendant-
Appellant.

No. 8927.

Supreme Court of New Mexico.

July 20, 1970.

John B. Speer, Robert C. Resta, Albuquerque, for defendant-appellant.

Toulouse, Moore & Walters, Albuquerque, for plaintiff-appellee.

## OPINION

SISK, Justice.

The plaintiff Northcutt, a dentist, recovered a money judgment from the defendant McPherson, another dentist, for unpaid rent alleged to be due under the terms of a series of written agreements pertaining to the lease of premises at 1309

San Pedro, N.E., in Albuquerque, New Mexico. McPherson contends that the trial court erred in making certain findings of fact and conclusions of law and in refusing certain findings and conclusions requested by him.

On January 1, 1963, Northcutt and McPherson entered into an agreement of association to practice dentistry and also executed as lessees a lease by which each agreed to pay $200 per month rent, during the ten-year term of the lease, to the lessor corporation of which Northcutt was the majority stockholder. The association agreement provided that should either party terminate it or move to another location, that party would still be obligated to pay his one-half of the rental until expiration of the lease, unless the remaining party entered into a new association agreement whereby the new associate agreed to pay one-half of the rent.

On January 26, 1965, Northcutt and McPherson entered into an agreement dissolving their association, which agreement specifically retained the requirement that each would continue to pay one-half of the total rent until the end of the lease term. On January 27, 1965, Northcutt and McPherson also executed another agreement, together with the corporate lessor and C. M. Miller, Northcutt's son-in-law. In this agreement the lessor corporation approved an option to Miller to use or sublease a portion of the premises. Miller's status is neither essential nor relevant to the basis for our determination of this appeal. This agreement provided, in its here material part, that " * * * McPHERSON has the option to lease all the space located at 1309 San Pedro Dr., N.E., Albuquerque, New Mexico, if McPHERSON needs said space to carry out his profession in the practice of dentistry or in the event he wishes to become associated with another dentist in the practice of dentistry." The agreement also provided that "In the event McPHERSON exercises his option to lease all the premises, payment to the CORPORATION will be in the amount of $400.00

per month for the balance of the term of the lease and NORTHCUTT will be relieved of any further obligation to the CORPORATION for one-half of the monthly rental ($200.00) for the balance of the term of said lease entered into on January 1, 1963." The agreement required that in the event McPherson exercised such option, " * * * McPHERSON will give ninety (90) days written notice or less, as may be agreed upon between them, to the other parties to this agreement."

Also in January, 1965, Northcutt voluntarily vacated the leased premises and left Albuquerque. Northcutt alleges that after September 1, 1967, McPherson occupied and used all of the leased premises and that such action constituted the exercise by McPherson of his option and obligated him to pay the entire $400 monthly rental.

McPherson requested a conclusion of law that, under the January 1, 1963 lease agreement, he and Northcutt were tenants in common and that nothing that happened thereafter changed that status, which requested conclusion was refused. Northcutt concedes that the legal relationship created by the agreement of January 1, 1963 was a tenancy in common, but contends that such status was terminated by the exercise by McPherson of his option.

It is undisputed that McPherson never gave the required notice of exercise of his option. The trial court found, however, that the actions of McPherson constituted the exercise of the option. Those actions, as found by the trial court, were, in summary, that McPherson moved into all of the rooms in the leased premises and used and occupied the entire building for his practice of dentistry at all times after September 1, 1967. McPherson did, over the course of time after Northcutt left, store odds and ends in, and make some partial use of those portions of the premises which he had not previously utilized, more out of opportunity than necessity. But even if there is substantial evidence to support the findings as to the occurrence of such actions, there is no substantial evi-

dence to support the finding that such actions constituted an admission that McPherson "needed" all of the space in the building to carry on his profession. Nor is there substantial evidence to support the finding and conclusion that such actions constituted the exercise of the option. The practical effect of such findings and conclusion would give Northcutt the right to exercise McPherson's option by vacating the premises and thereafter purporting to abandon his equal rights and responsibilities as a co-tenant. Such a conception of the law of tenancy in common and options would render McPherson's legal rights as a co-tenant and optionee a legal detriment.

Tenants in common are each entitled to the reasonable use, occupancy, benefit and possession of the common property. Williams v. Sinclair Refining Co., 39 N.M. 388, 47 P.2d 910 (1935); James v. Anderson, 39 N.M. 535, 51 P.2d 601 (1935); Horne v. Cox, 237 S.C. 41, 115 S.E.2d 513 (1960). As a tenant in common, McPherson was entitled to such use of the leased premises, even though his co-tenant Northcutt ceased to share in such use, provided there was no ouster of Northcutt's right to do so. Williams v. Sinclair Refining Co., supra; Hagen v. Hagen, 137 N.W.2d 234 (N.D.1965). To constitute ouster there must be some express, open and unequivocal denial of the right to possession of the co-tenant, and possession and use by one tenant in common will not in itself overcome the presumption that all co-tenants retain the right of possession and use. Williams v. Sinclair Refining Co., supra; Bradford v. Armijo, 28 N.M. 288, 210 P. 1070 (1922); Horne v. Cox, supra; Hagen v. Hagen, supra; Mack v. Linge, 254 Iowa 963, 119 N.W.2d 897 (1963); Monte v. Montalbano, 274 Ala. 6, 145 So.2d 197 (1962).

In this case, there was no evidence of any denial whatever, at any time, by McPherson of Northcutt's rights as a co-tenant. Possession which originates in co-tenancy is presumed to be permissive, not hostile. Apodaca v. Hernandez, 61 N.M. 449, 302 P.2d 177 (1956); Horne v. Cox, supra; Monte v. Montalbano, supra. Unless and until McPherson exercised his option, Northcutt retained the same rights as McPherson to the use and occupancy of the premises and, as a co-tenant, he could have returned at any time and asserted such rights, and McPherson would have had no legal right to prevent him from doing so.

McPherson did not exercise his option by his conduct in continuing to exercise his rights as a co-tenant. An option is the right of the optionee to comply or not comply with the specific terms of the option, at the sole choice and election of the optionee. Bruce v. Mieir, 120 Cal.App. 287, 7 P.2d 1037 (1932); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Smith v. Russ, 184 Kan. 773, 339 P.2d 286 (1959). The necessity for unequivocal and unqualified expression of intention to exercise an option and affirmative performance of the expressed method of exercising it are well-established legal principles. Cillessen v. Kona Co., 73 N.M. 297, 387 P.2d 867 (1964); United States v. 70.39 Acres of Land, 164 F.Supp. 451 (S.D.Cal.1958); State v. Agostini, 139 Cal.App.2d 909, 294 P.2d 769 (1956); Flickinger v. Heck, 187 Cal. 111, 200 P. 1045 (1921). The language of the agreement itself controls as to what act or acts constitute an election to exercise an option. Flickinger v. Heck, supra.

The agreement of January 27, 1965 specifically recited that by the separate agreement between themselves the day before, Northcutt and McPherson each agreed to continue paying one-half of the rental until the end of the lease term, which clearly evidenced the mutual recognition of the continuation of the tenancy-in-common relationship. The option language itself was unambiguous, and gave the right to "lease" all of the space only if McPherson "needs" such space or if he took in an associate. No associate was taken in and the only testimony as to ac-

tual need was McPherson's affirmative statement that he never needed all of the space. That agreement also clearly provided that McPherson would become liable for the full $400 rental only in the event he "exercises his option to lease all the premises" and specifically required that McPherson give ninety-days (or less if agreed) written notice in the event he chose to exercise his option. Absent any such notice of exercise, Northcutt retained his equal rights as a co-tenant, and any alteration of the tenancy-in-common relationship must be clear and unmistakable and cannot be presumed or inferred merely from possession or use. Monte v. Montalbano, supra; Horne v. Cox, supra. As this court said in Cillessen v. Kona Co., supra:

> "Further, it has been held that option contracts do not come within the equitable rule against forfeiture, for failure to comply strictly with the conditions deprives no party of any right and abrogates no contract."

The notice requirement established an interval of ninety days between notice and the creation of the new right of exclusive possession. Absent exercise of the option to lease and expiration of the notice period, McPherson had no right to, and he did not, exclude his co-tenant Northcutt from the premises, and accordingly McPherson had no duty to pay all of the rent.

There being no substantial evidence to support the trial court's finding that McPherson exercised his option, the tenancy in common continued in existence during all times material to this case and the trial court erred in not so finding. It is unnecessary to discuss the other grounds relied upon for reversal. McPherson was not liable for the full amount of the rent. The judgment to the contrary must therefore be reversed and the case remanded with direction to vacate the judgment and to dismiss Northcutt's complaint with prejudice. It is so ordered.

TACKETT and WATSON, JJ., concur.