# Jackson *v.* King.

*Action by Lessor's Heirs, for Use and Occupation by Lessee.*

1. *When action lies; complicated accounts.*—The heirs of the deceased lessor can not maintain an action for use and occupation against the lessee, when the lease specifies no particular term of years, but is determinate on the payment of a debt due to the lessee from the lessor,

[Jackson v. King.]

which was to be discharged by the appropriation of a specific part of the crops each year; there having been no settlement between the parties, and the accounts being so complicated that they can only be adjusted in equity.

2. *Purchase at tax-sale by tenant.*—A purchase at tax-sale by a tenant vests in him no title as against his landlord, or the heirs of his landlord; but it operates as a payment by him.

3. *Assessment of land, for taxation, against estate of deceased owner.*— When lands are assessed for taxation as the property of the deceased owner, or of his estate, a sale founded on it is void, and the purchaser acquires no title.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES AIKEN.

This action was brought by Thomas J. King and others, children and heirs of Andrew King, deceased, against James L. Jackson, and was commenced on the 13th January, 1886. The complaint contained but a single count, which claimed $2,000 "for the use and occupation by the defendant of the following lands belonging to the plaintiffs," describing then, "from the 1st January, 1879, to the 1st January, 1886." The cause was tried, as the bill of exception states, " on issue joined on the plea of *non assumpsit*;" and on the trial, the plaintiffs offered in evidence the written instrument under which the defendant entered into possession of the lands. This instrument was dated the 17th July, 1877, was under seal, and was signed both by said Andrew King and the defendant. It recited that King was indebted to Jackson in the sum of $1,646.42 as evidenced by his promissory note of even date with the deed, payable one day after date, and desired to pay off and discharge said indebtedness ; and in consideration of said indebtedness, he leased and demised to said Jackson the said lands, "for a term of less duration than twenty years, beginning with the current year, and to be determined when said note shall have been fully paid and discharged, in the manner herein directed and set forth—that is to say, the said Jackson shall, each year, credit said note with the proceeds, at the market price or value, of one-third of all the grain, and one-fourth of all the cotton, that may be grown or produced on said leased premises, until said note shall be fully paid and discharged, both principal and interest; and then, but not till then, shall this lease end and determine." The lease also bound the lessor to erect and furnish a gin-house, press and gearing, and to erect and keep in good repair the necessary fences upon and around the lands ; and, in case of his failure or neglect to do so, the lessee was authorized to erect and repair the fences, and to deduct the cost of the same from the rent to be paid. The lessee covenanted on

28

his part, by the terms.of the lease, "to cultivate said lands in such manner as he may deem best to secure the greatest profit therefrom; to strictly account for and properly credit the rents, as the same falls due, until said note shall be paid as above set forth, and then to deliver up the said plantation, with the appurtenances, to the said Andrew King, his heirs and assigns, ordinary wear and tear," &c., excepted. It was shown that said Andrew King, the plaintiffs' father, died in the latter part of the year 1878; that there had never been any administration on his estate; and that the defendant, by his tenants, had been in possession of the leased premises ever since he first entered. "The plaintiffs insisted that the indebtedness mentioned in the lease, and evidenced by the note therein described, had been fully paid and satisfied by the rents received by defendant from his tenants prior to the commencement of this suit, and they offered evidence tending to establish this fact; but the evidence on this point was conflicting." There was no evidence showing that the parties had ever had a settlement of the matters of account growing out of the lease.

The defendant offered in evidence a deed executed to him by the judge of probate, as the purchaser at a sale of the lands for delinquent taxes; and also the docket of the tax-collector, and the docket of the judge of probate, containing the entries relating to the sale. The deed was dated the 8th May, 1885, and recited that the lands were sold by the tax-collector on the 7th May, 1883, and that the defendant became the purchaser; but it did not recite the name of the person against whom, as the owner of the lands, the taxes were assessed. The dockets of the tax-collector and the probate judge showed that the lands were assessed for taxation as the property of "the estate of Andrew King, deceased." The plaintiffs objected to the admission of these several documents as evidence, and excepted to the overruling of their objections.

The court charged the jury, "among other things, that if they believed, from the evidence, that the indebtedness secured by said lease was fully paid off and satisfied before the commencement of this suit, then the plaintiffs were entitled to recover in this action for the use and occupation of said lands, from the time said indebtedness was paid, up to the date of the institution of this suit." The defendant excepted to this charge, and he here assigns it as error, together with the refusal of several charges asked by him, and the rulings on evidence to which exceptions were reserved.

[DePoister v. Gilmer.]

HAMILL & LUSK, and BRICKELL, SEMPLE & GUNTER, for the appellant, cited *Farris & McCurdy v. Houston*, 78 Ala. 256; *McVay v. Wheeler*, 6 Porter, 201; *Warren v. Ferdinand*, 9 Allen, 357; *Codman v. Jenkins*, 14 Mass. 93; *Richards v. Killam*, 10 Mass. 243.

JNO. G. WINSTON, *contra.*

STONE, C. J.—The account required to be taken and adjusted in this case is complicated, and necessarily involves the consideration of questions more or less equitable in their nature. We do not think it possible for a court of law to do justice between the parties. Only a chancery court can properly adjust the matters of account, as they must present themselves under the letting shown in this record.—*Vincent v. Rogers*, 30 Ala. 471; *Farris v. Houston*, 78 Ala. 250. For the reason stated, without reference to the relative rights of the parties, or to the true state of the account, the jury should have been instructed to find for the defendant.

The sale and purchase at tax-sale vested no title in Jackson. Still, it was a payment of the taxes due for that year on the lands, and, to that extent, benefited those entitled to the freehold.—*Bailey v. Campbell, ante*, 342. In taking the account, Jackson should be allowed a credit for the taxes he has paid on the lands.—Sess. Acts, 1878–9, p. 9, § 3. The heirs in this proceeding, which must be assimilated to a bill to redeem, must be required to do equity. The assessment in that case was irregular, and for that reason, if for no other, the sale conveyed no title.—*Carlisle v. Watts*, 78 Ala. 486.

The Circuit Court erred in the charge given.

Reversed and remanded.