# Scott v. Brown.

*Statutory Action of Ejectment.*

1. *Mortgage by minor; disaffirmance after removal of disability avoids the mortgage, and prevents passage of title to purchaser at the foreclosure sale.*—Where a minor executes a mortgage upon her lands, and after disabilities of non-age are removed, she executes to another person a deed to the same lands with covenants of general warranty, and at the foreclosure sale under said mortgage she gives notice that her title would not pass under the sale, there is a disaffirmance and repudiation of the mortgage as a binding conveyance; and the purchaser at the foreclosure sale obtains no title as against an existing creditor who subsequently purchased the said lands at a sale under an attachment issued in a suit by him against the said minor after the removal of her disabilities.

2. *Covenantee when evicted is a creditor from the date of the execution of the covenant; voluntary conveyance void as against him.*—Where a covenantee of a covenant of general warranty is evicted by a title paramount and outstanding at the time the covenant is entered into, he becomes a creditor of the covenantor from the date of the execution of the covenant; and a voluntary conveyance of other land by the covenantor after the breach of the warranty, but before suit for such breach, is void as against the title acquired by such creditor at a sale under an attachment levied in the suit subsequently brought by him for said breach.

3. *Taxation; sale for delinquent taxes invalid unless preceded by valid*

[Scott v. Brown.]

*assessment; what not a valid assessment.*—A valid assessment is indispensable to give the court jurisdiction to declare a lien and decree a sale of land for the payment of delinquent taxes; and where land is assessed as "Estate of S., deceased, one lot of land occupied by H., township 4, range 6," the assessment is invalid and the sale thereunder confers no title upon the purchaser; nor does the fact that said land was bid in by the State divest the title of the owner.

4.  *Same; redemption by tenant in common inures to benefit of co-tenant.* The redemption of land after sale for payment of taxes by a tenant in common inures to the benefit of his co-tenant; and if before such redemption a creditor of the co-tenant of the redemptioner has succeeded to the interest and rights of the former in the lands redeemed, upon their redemption, such creditor becomes invested with the interest of said co-tenant.

5.  *Same; section 606 of the Code not applicable when owner redeems.* The provision of the statute, (Code, § 606), that "no action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor," does not apply where the owner of lands, whose duty it was to pay the taxes, redeems from the sale; since by his redemption he is merely restored and reinstated to his former position and rights.

.Appeal from the Circuit Court of Jackson.

Tried before the Hon. J. A. Bilbro.

This was a statutory action of ejectment, instituted on November 21, 1893, by the appellee, James E. Brown, against the appellants. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his behalf. The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge in their favor. There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error, among other rulings, the giving of the general affirmative charge at the request of the plaintiff.

W. H. Norwood, R. W. Clopton and Martin & Bouldin, for appellants.—1. The tax sale under which Robert T. Scott claims was not void. The description of the property in the assessment was sufficient.—*Driggers v. Cassady*, 71 Ala. 529. The assessment of taxes to the estate of a deceased person is, to say the least, irregular; and under the decisions of this court construing the rev-

enue law as it existed prior to act of February 12, 1879, a sale of land so assessed is void. Since the date last named, lands can only be sold for taxes under order for that purpose made by judicial authority—a proceeding *in rem*—against the lands assessed.—*Carlisle v. Watts*, 78 Ala. 486. The probate court acquires jurisdiction of the subject matter from the docket made out by the tax collector, and jurisdiction of the person by the service of notice on the owner, or his representative. It is said that when the owner dies, notice to his heir or personal representative is sufficient.—*Driggers v. Cassady*, 71 Ala. 529; *McGee v. Fleming*, 82 Ala. 276. In the case last cited the sale was held to be void because it was proven that no legal notice was given. In the same case it is said that the decree, or order of sale, is *prima facie* evidence that the notice required by law has been given. In the case at bar no question was raised at the trial as to how, or whether any notice was given to the heirs, or representatives of Robert T. Scott, deceased. The decree of sale is in the form prescribed by law. The presumption in the absence of evidence to the contrary is, that notice was given to the proper persons.—*Driggers v. Cassady*, 71 Ala. 529; *McGee v. Fleming*, 82 Ala. 276; *Riddle v. Messer*, 84 Ala. 236.

2. According to the weight of authority a quit claim deed by a person on arriving at full age, does not have the effect to disaffirm a mortage executed by such person while he was a minor. The reason is said to be because both the deed and the mortgage can stand together consistently.—10 Amer. & Eng. Encyc. of Law, 650, 653; 18 Amer. St. Rep., cases cited in note pp. 666-667. It would seem to follow that the deed from Mollie to Robert Scott conveyed the equity of redemption of the former to the latter, and that Caffey and Bynum obtained the title of Mollie by their purchase of the land at the mortgage sale on December 3, 1888. The appellee took nothing by the sheriff's deed. The deed from Mollie Scott and others to Robert T. Scott was executed long after Mollie's disabilities of non-age were removed. No subsequent act or declaration of Mollie could disaffirm the Skelton mortgage—*Eureka Co. v. Edwards*, 17 Ala. 248; *West v. Penny*, 16 Ala. 187; *McCarty v. Nicroci*, 72 Ala. 332.

[Scott v. Brown.]

R. W. WALKER, *contra.*—1. The mortgage of a minor is voidable at the minor's election, and conveyance executed to another, after the minor reaches his majority, is a disaffirmance of the mortgage.—*Eureka Co. v. Edwards*, 71 Ala. 248.

2. When warranty deed is executed, the covenant of warranty is broken at the date of its execution, if there is no title in the vendor, or there is a valid existing incumberance on the land conveyed.—*Anderson v. Knox*, 20 Ala. 156; *Andrews v. McCoy*, 8 Ala. 920; *Heflin v. Phillips*, 96 Ala. 561; *Gunter v. Beard*, 93 Ala. 227. The vendor need not wait to be evicted before suing for a breach of covenant of warranty, but may pay it off and sue for the breach. –*Dun v. White*, 1 Ala. 645; *Davenport v. Bartlett*, 9 Ala. 179; *Dupay v. Roebuck*, 7 Ala. 484.

3. Redemption by one tenant in common of land confers no title, the redemption inures to the benefit of all the co-tenants, with only the right of redemption to go into equity for contribution from his co-tenants.—*Connor v. Quartermaster*, 90 Ala. 164; *Bailey v. Campbell*, 82 Ala. 342; *Pruett v. Holley*, 73 Ala. 369; *Johns v. Johns*, 93 Ala. 239.

4. Any act of the minor showing intention to avoid mortgage is an avoidance.—10 Amer. & Eng. Encyc. of Law, 650, n. 1. The deed of Mollie Scott, of June 15, 1888, avoided mortgage to Skelton.—*Bagley v. Fletcher*, 44 Ala. 153; *Eagle Fire Co. v. Lent*, 6 Paige 635.

5. The tax sale was void because of indefiniteness of description.—Code, §§ 573, 577. The assessment void because assessed to R. T. Scott's estate.—*Jackson v. King*, 82 Ala. 432; *Crook v. Anniston City Land Co.*, 93 Ala. 4.

6. Color of title would not constitute title by limitation under section 606 of the Code, because deed not recorded, if that section applies.—*Jones v. Randle*, 68 Ala. 258; *Hughes v. Anderson*, 79 Ala. 209; *Turner v. White*, 97 Ala. 545. The auditors's certificate is no such title as will support or resist ejectment.—*Boykin v. Smith*, 65 Ala. 294; *Costley v. Allen*, 56 Ala. 198; *Hibbard v. Brown*, 1 Ala. 469.

COLEMAN, J.—The appellee, Brown, sued to recover a one-fifth interest in the lands described in the complaint. There is no controversy as to the fact that Mollie Scott at one time owned the fifth interest in the

land sued for. Plaintiff and defendants claim to have acquired her title. Plaintiff deduces title as follows : On the 7th of September, 1887, Mollie Scott had her disabilities of non-age removed, and on the 14th of May, 1888, she executed a deed of conveyance to certain lands not in controversy, with covenants of warranty, to the plantiff. On the 3d of December, 1888, the plaintiff sued Mollie Scott for a breach of her covenant of warranty, and at the same time sued out an attachment against her, which on the same day (December 3d) was levied by the sheriff on the land in controversy, Mollie Scott being at that time in possession of the lands. This suit was prosecuted to judgment on the 2d of September, 1891, and the land was ordered to be sold under the levy of the attachment. The plaintiff purchased at sheriff's sale, and the sheriff executed to the purchaser a deed of conveyance.

The defendants deduce title as follows : On the the 29th of October, 1894, Mollie Scott executed a mortgage on the lands to R. S. Skelton, which he foreclosed by power of sale, on the 3d of December, 1888, at which sale Caffey and Bynum, two of the defendants, became the purchasers, and on the 7th of December the mortgagee, Skelton, executed to them a deed of conveyance. At the foreclosure sale, notice was given by Mollie Scott by her attorney, that she forbade the sale of her interest in the property.

Robert T. Scott, another defendant, claims title to the land, under a deed of conveyance executed to her by Mollie Scott on the 14th of June, 1888. She also claims title by virtue of having redeemed the lands in August, 1889, which had been previously sold for taxes. Robert T. Scott was a sister of Mollie Scott, and so long as Mollie Scott retained her title and interest in the lands, they were tenants in common. After the foreclosure sale under the mortgage, R. S. Skelton filed a bill in the chancery court for a partition of the land in controversy. Mollie Scott, R. T. Scott, Caffey and Bynum were parties defendant to the bill for partition. Brown, the plaintiff, was not a party to the bill. The bill alleged that the interest of Mollie Scott had been conveyed by the mortgage, and facts to show that Robert T. Scott had not acquired her interest. Robert T. Scott answered the bill, set up the deed of conveyance of June, 1888, to her

from Mollie Scott, and claimed to own her interest. All parties assented to a decree for partition. The chancery court decreed that Robert T. Scott had acquired the interest of Mollie Scott, and the same was decreed to her in the decree for partition. This decree and the allotment of the land under it remains in force.

We have been unable to discover any conflict in the evidence. It will be seen from the foregoing statement of facts, that the mortgage executed by Mollie Scott to Skelton in 1884, antedated any right or claim of plaintiff against Mollie Scott, but it was executed by Mollie Scott when she was a minor. Her disabilities were removed in September, 1887. The evidence is clear that she did no act after that time to affirm the mortgage. On the contrary, the evidence is clear that she disaffirmed and repudiated the mortgage as a binding conveyance. She gave notice by her attorney on the day of the foreclosure sale, that her interest could not be sold. Prior to that time, in June, 1888, she had executed a deed with covenants of general warranty to her sister, Robert T. Scott, an act utterly inconsistent with the affirmance of the mortgage.—10 Amer.& Eng. Encyc.of Law, 650,652 and notes ; *Craig v. Van Bebber*, 18 Amer. St. Rep. note p. 666 ; *McCarthy v. Nicrosi*, 72 Ala. 332. The decree of the chancery court determined that the claim of Robert T. Scott under the deed of conveyance of June 18th, 1888, was superior to that of the mortgagee, and the purchasers at the foreclosure sale. As against the mortgage and those deriving title through it, the plaintiff was entitled to recover.

The deed of Robert T. Scott bore date June 15th, 1888. This antedated the levy of plaintiff's attachment, his judgment and sheriff's deed. The consideration for this deed was love and affection, and was voluntary. The foundation of plaintiff's demand against Mollie Scott, under which the attachment was levied, was the breach of a warranty of a deed, executed by her to plaintiff on May 14th, 1888, about one month prior to the date of the deed of the defendant in attachment to Robert T. Scott. In the case of *Bibb v. Freeman*, 59 Ala. 612, it was said : "The covenantee of a covenant of general warranty, who is evicted by a title paramount and outstanding at the time the covenant is entered into, is regarded as a creditor, not from the time of eviction, but from the

39

time the covenant was executed; and a subsequent voluntary conveyance is as to him void." This is the law in this State, and so declared in many decisions.—*Anderson v. Anderson,* 64 Ala. 403; *Weeks v. Yeend,* 104 Ala. 546.

The sale of the land for non-payment of taxes was without authority, and the purchaser acquired no title by his purchase. A valid assessment of the property is indispensable to give the probate court jurisdiction to declare a lien and decree a sale for the unpaid taxes. In the case of *Jackson v. King,* 82 Ala. 432, the lands were assessed for taxation as the property "of the estate of Andrew King, deceased," and it was held "that the sale and the purchase at tax sale vested no title in the purchaser."—*Crook v. City of Anniston,* 93 Ala. 4. The lands in the case at bar were assessed as follows: "Estate of R. T. Scott, dec'd, one lot of land occupied by Thos. Hodge, township 4, range 6." Under the influence of the foregoing decisions, the assessment was invalid, and the fact that the lands were bid in by the State did not divest the title of the owner. We might add that the record nowhere shows, by legal evidence, that Thos. Hodge ever occupied the lands in litigation. Robert T. Scott never obtained a deed to the lands from the Auditor. She redeemed them under section 610 of the Code, and the Auditor gave to her a certificate releasing all claims to the land acquired by the State at the tax sale. The lands were redeemed August 2d, 1889.

Prior to the execution of the voluntary conveyance by Mollie Scott to R. T. Scott, they were tenants in common of the land. Before and at the time of the execution of the voluntary conveyance, plaintiff was a creditor of the grantor, Mollie Scott. The conveyance was constructively fraudulent and void as to him. His attachment was levied in December, 1888, prior to the date of redemption, but by his purchase at sheriff's sale, he succeeded to and acquired whatever interests and rights Mollie Scott held and owned, prior to her voluntary conveyance to Robert T. Scott. The redemption of land by one tenant in common inures to the benefit of a co-tenant.—*Donner v. Quartermas,* 90 Ala. 164; *Johns v. Johns,* 93 Ala. 239; *Bailey v. Campbell,* 82 Ala. 342.

Section 606 of the Code which declares that "no action for the recovery of real estate sold for the payment

of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor,'' &c. has no application when the owner of the land whose duty it was to pay the taxes allows them to be sold for taxes, and afterwards redeems them. By his redemption he is merely restored and reinstated to his former position and rights.

In any view we take of the case, whether considered with the evidence which on motion of plaintiff was excluded, or without such evidence, the plaintiff was entitled to the general affirmative charge.

Affirmed.