### CURLEE v. SCOTT.   (7 Div. 272.)

(Supreme Court of Alabama.   May 11, 1922.)

**1. Partition ☞55(2) — Bill for sale of land for division among joint owners held sufficient.**

In proceeding for sale of land for division among joint owners, bill alleging that complainant owned a two-eighths interest in each tract, and that one tract was formerly owned by her father and the other was formerly owned by her mother, *held* sufficient, under Code 1907, §§ 5205, 5222, notwithstanding failure of bill to set out the source of title of the respective parties, or state whether or not her parents were dead, or whether she acquired her interest by purchase or inheritance.

**2. Partition ☞48—Bill not demurrable on ground that it made both trustee and beneficiary parties.**

Bill for sale of land for division of proceeds among joint owners, alleging that a certain person, as trustee for a certain minor, owned a certain interest, was not demurrable on the ground that it made both the trustee and the beneficiary parties to the proceeding.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Bill by Ida M. Scott against E. L. Curlee, as trustee, and others, for the sale of lands for distribution of the proceeds among joint owners. From a decree overruling demurrers, Curlee appeals. Affirmed.

The bill alleges the ownership by complainant of two-eighths interest in a tract of land therein described, "formerly belonging to her father," and a like interest in a differently described tract, "formerly belonging to her mother." It is alleged that Anna M. Frank, Sallie M. Lipsey, Margaret M. Calloway, Alonzo Montgomery, Jr., whose residences are given and whose ages are alleged to be over 21 years, each owns an undivided one-eighth interest in each of said tracts of land. It is alleged that J. E. Montgomery, a non compos mentis, owns an undivided one-eighth interest in each of said tracts of land. Its remaining one-eighth interest was owned by W. Ben Montgomery, deceased, who by will devised one-third of said interest to his wife, now Mrs. H. F. Harrison, one-third thereof to E. L. Curlee, in trust for his son, William Alonzo Montgomery, and one-third thereof to said Curlee, in trust for his daughter, Catherine Montgomery. The bill further alleges the death of said Catherine Montgomery and the inheritance by her mother, Mrs. H. F. Harrison, of one-half her interest in said lands, and inheritance by E. L. Curlee, as trustee for said William Alonzo Montgomery, of one-half her interest therein. It is alleged that said property cannot be equitably divided or partitioned among the joint owners thereof, and a sale for division of the proceeds is prayed. The prayer for process makes each of the above-named joint owners party respondent to the bill.

Demurrers interposed by respondent Curlee take the objections that there is no equity in the bill; that the necessary parties are not before the court; that it is not shown that all the heirs of complainant's mother and father are made parties.

Lapsley & Carr, of Anniston, for appellant.

Pleadings must be so specific as not to leave open to inference whether all the joint owners are parties to the cause. Code 1907, §§ 5205, 5222, 5231; 83 Ala. 367, 3 South. 798; 98 Ala. 599, 12 South. 817. Legal title vests in cestui que trust, not in naked trustee.

----

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Code 1907, § 3408; 59 Ala. 532; 83 Ala. 367, 3 South. 798; 75 Ala. 213; 67 Ala. 603; 78 Ala. 206; 80 Ala. 32.

Harrison & Stringer, of Talladega, for appellee.

The bill is sufficient. 173 Ala. 336, 56 South. 207. The trustee and cestui que trust were proper parties. 69 Ala. 62; 86 Ala. 199, 5 South. 298; 77 Ala. 403.

ANDERSON, C. J. [1] This is a proceeding in equity for the sale of land for division among the joint owners, and we think that the bill sufficiently conforms to sections 5205 and 5222 of the Code of 1907 as to the names of the interested parties, their residence, the description of the property, and the interest of each party in the same. True, the complainant, after averring that she owned a two-eighths interest in each tract, further alleged that one tract was formerly owned by her father and the other was formerly owned by her mother. It was not necessary for the bill to set out the source of title of the respective parties, or whether or not her parents were dead, or whether she acquired her interest by purchase or inheritance.

[2] The bill, after setting out the interest of each owner of the land, charges that Curlee, as trustee for the minor, William Alonzo Montgomery, owns the interest of said minor, which is held by him upon the "terms, uses, and trusts defined and expressed in said will for said William Alonzo Montgomery, who is the beneficial owner of the said interest so vested in E. L. Curlee." The trustee, Curlee, and the minor, William Alonzo Montgomery, are both made parties to the bill, and this gets the entire title to the interest of said minor before the court, whether the legal title be in the trustee, or the trust is a naked one, and the legal title therefore vested in the beneficiary. In any event, we do not see why either of said parties would be improper, though not necessary, ones.

The trial court did not err in overruling the appellant's demurrer to the bill, and the decree is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.