103 So.2d 169

Arthur W. COPPETT

v.

Vernie C. MONAHAN et al.

7 Div. 383.

Supreme Court of Alabama.

March 6, 1958.

Rehearing Denied June 12, 1958.

Blackmon & Harwell, Anniston, for appellant.

Burnham & Klinefelter, Anniston, for appellees.

MERRILL, Justice.

The complainants are a son and a daughter of Nancy Coppett Dye, who, prior to her death in 1937, owned approximately 105 acres of land in Calhoun County. The respondents are other children and next of kin of Mrs. Dye.

Complainants filed a bill to sell the property for division. One of the respondents, their brother Arthur Coppett, appellant here, filed a cross bill wherein he claimed ownership of the property because his mother gave it to him for taking care of her during her lifetime, and that he had title by virtue of adverse possession for more than ten years. He further claimed that he had made improvements upon the property to the extent of some $3,700. He prayed that he be declared the owner of the property, or, in the alternative, for a priority in the proceeds of the sale to the reasonable value of the improvements made by him.

The testimony was heard ore tenus by the court under a stipulation that left only the issues of whether the lands could be equitably divided without a sale thereof and the validity of the claims of appellant to be decided. The final decree denied the relief sought under the cross bill and ordered the lands sold for division among the joint owners.

The following pertinent evidence is not disputed. Appellant was living in a small house on the property when his mother died. He then moved into the larger house where she had lived. From then, 1937, until 1949, he and his family lived in that house. The lands sold for taxes in 1938. One of his sisters purchased the property at the tax sale but appellant redeemed and has paid the taxes since that time. One brother, J. B. Coheley, had built a

small house on the property in 1937, before the death of his mother. In 1940, he claimed this house and five acres of land as his own, but in 1943, he moved off the property and moved the house he had built away also. In 1949, appellant moved from Calhoun County to Sand Mountain, in Marshall County, and stayed there for five years. During part of this period, one Bob Dye occupied the suit property free of rent under appellant's permission. In 1954, appellant moved back near the property, tore down both the houses and built a new house on the property, using materials from the two old houses and furnishing some new material. He and his family moved into the new house and were living there when the bill was filed in 1955. Some time between 1938 and 1955, appellant sold two acres of property and executed a deed for it.

There was ample evidence to support the allegation that the lands could not be equitably divided without a sale for division.

■■■ Appellant never received a deed from his mother or any one else and this fact nullifies his claim that his mother gave the property to him. We have held that the statutory requirement that conveyances of land be in writing, Tit. 47, § 22, Code 1940, is mandatory. Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79.

■■■ Appellant's claim that he acquired title by adverse possession is unavailing. Under his own testimony, he came onto the property permissively. His chief claim to adverse possession is lapse of time and payment of taxes. These acts of ownership are not, in tenancies in common, necessarily acts of disseisin. There must be an entry and continuous exclusive possession under a claim of exclusive right. Possession and use of the premises by one tenant in common will not, of itself, repel the presumption that the possession is that of all the tenants in common. The intent to hold as exclusive owner, repudiat-

ing the rights of cotenants, must be established by proof and brought home to them. Bracken v. Roberson, 220 Ala. 152, 124 So. 237; Winsett v. Winsett, 203 Ala. 373, 83 So. 117. And the redemption from a tax sale by one contenant inures to the benefit of all cotenants. Winsett v. Winsett, supra; Sherrill v. Sandlin, 232 Ala. 389, 168 So. 426.

The evidence as to whether appellant's claim of ownership was known to some of his cotenants was in conflict, but he agreed that he had not made his claim known to all of them.

■■■ Other sharp conflicts in the evidence were as to whether appellant took care of his mother, worked on the terraces on the land, ever claimed adversely to any one until six months before the bill in the instant case was filed, had a tenant while he was out of the county on Sand Mountain, or whether he merely stayed on the property at the sufferance of the other heirs. The trial court heard the testimony on these issues of fact and denied the relief sought by appellant's cross bill. The decree of the lower court is given the same weight as a jury's verdict and will not be disturbed unless plainly wrong. Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135. We do not overturn the decree.

■■■ Appellant's assignment of error 2 alleges error in the overruling of the demurrer to the amended bill. It is argued that "paragraph 5 of the amended bill of complaint seeks to plead the source of title of the suit property in and to the parties to the suit, and, in doing so, fails to allege that Mrs. Nancy R. Dye was seized and possessed of the suit property at the time of her death or entitled to the same so as to cause title to same to be vested in her descendants under the laws of the State of Alabama." Appellant concedes that in a bill such as this, it is not necessary to set out the source of the title relied on by the tenants in common nor describe the manner in which they or their ancestor acquired it. Alexander v. Lan-

ders, 230 Ala. 167, 160 So. 342. But it is insisted that when the source of title is pleaded, it must be done clearly and concisely. Paragraph 5 of the amended bill avers that the lands were conveyed to Nancy Coppett Dye by warranty deed in 1908, and gives the recording data of the deed. It is then alleged that Mrs. Dye died intestate in 1938, leaving certain named heirs at law. Paragraph 6 alleges that the lands are now owned by the complainants and respondents in stated proportions and shares. The averments of the bill as amended were sufficient under Tit. 47, §§ 186 and 194, and the demurrer was properly overruled. Curlee v. Scott, 207 Ala. 478, 93 So. 393; Vest v. Wilson, 223 Ala. 414, 136 So. 730.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.