This appeal involves an action for the sale and division of land located in St. Clair County. Plaintiff, Paul H. Jones, brought action against Margaret C. Jones, on July 16, 1979, alleging that they each held an undivided interest, as tenants in common, in certain disputed family property. The trial court entered judgment for defendant, finding that she had adversely possessed the property under Code 1975, § 6-5-200, so as to defeat plaintiff's interest as a tenant in common. From that judgment, plaintiff appealed.
There is no dispute that defendant lacks record title to the disputed property. Therefore, the dispositive issue is: Did defendant obtain title by prescription or adverse possession, thereby justifying the trial court's judgment entered in her favor? After reviewing the facts, we conclude that she did not. Therefore, we reverse the judgment of the trial court.
Plaintiff and defendant derive their interests in the jointly held land from George L. Jones, who died intestate in 1942. Plaintiff is one of George's six children who survived him. Defendant is the wife of Ray Jones, one of George's six children. In 1956, defendant and her husband moved onto the property. She testified at trial that the move was made pursuant to an agreement among the six children that the property would belong to her and Ray. Defendant explained that she and Ray were to buy the other children's interests for $1,000.00 each. According to her, that price was set by plaintiff in 1955. In 1965, defendant and her husband acquired deeds from four of George's six children for their interests in the property. Plaintiff did not give a deed. Defendant testified that he backed out of the agreement.
Defendant and her husband made various improvements to the property, which they farmed. Testimony at trial established that the relationship between plaintiff and Ray was anything but brotherly. The two did not get along, and their animosity apparently reached a climax in 1961 in a shooting incident. That incident occurred off the disputed property. Both were wounded. After that plaintiff apparently spent little, if any, time on the property. Ray died in 1967 and defendant inherited all of his assets. Defendant continued living on the property. Defendant testified that she and Ray had paid taxes on the property for 24 years.
Defendant argues that her payment of taxes for more than the 10-year period provided in Code 1975, § 6-5-200 (a)(2), and her acts constituting adverse possession, operate to divest plaintiff of his interest in the property. Alternatively, she argues that she adversely possessed the property for a period of 20 years so as to divest plaintiff of his interest under the doctrine of prescription. We cannot accept either argument.
Code 1975, § 6-5-200, in pertinent part provides:
 (a) Adverse possession cannot confer or defeat title to land unless:
 (1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
 (2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
 (3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land. *Page 160 
Defendant actually attempts to effect adverse possession by the means of having annually listed the land for taxation for ten years prior to the commencement of the action. This method is one of three alternatives provided in § 6-5-200 (a), which must be supported by all the requisite elements of adverse possession. Courtney v. Boykin, 356 So.2d 162 (Ala. 1978). The requisite elements of adverse possession are:
 In order to establish adverse possession, as against the holder of the legal title, "the law is stringent in requiring clear proof of the requisite facts. There must be, first, an actual occupancy, clear, definite, positive, and notorious; second, it must be continued, adverse, and exclusive during the whole period described by the statute; third, it must be with an intention to claim title to the land occupied." — Washburn on Real Property (4th Ed.) pp. 135, 136.
McDaniel v. Sloss-Sheffield Steel and Iron Co., 152 Ala. 414 at 417, 44 So. 705 at 706 (1907); quoted with approval in: Hand v.Stanard, 392 So.2d 1157 (Ala. 1981); Courtney v. Boykin, supra.
Adverse possession by prescription requires the same elements, but operates outside § 6-5-200 and requires a twenty-year period. Recently, this court stated:
 In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808
(1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962).
Kerlin v. Tensaw Land Timber Company, 390 So.2d 616 at 618 (Ala. 1980).
The law of adverse possession specifically addresses the problem of one contenant attempting to effect adverse possession against another cotenant.
 The possession of one tenant in common is prima facie presumed to be the possession of all, and it does not become adverse to the cotenants unless they are actually ousted, or, short of this, unless the adverse character of the possession of one is actually known to the others, or the possession of the one is so open and notorious in its hostility and exclusiveness as to put the other tenants on notice of its adverse character. Ashford v. Ashford, 136 Ala. 631, 34 So. 10.
 The mere fact that a cotenant in possession has taken all the rents and profits does not show ouster of his companions. Markstein v. Shilleci, 258 Ala. 68, 61 So.2d 75, and cases there cited.
 Mere lapse of time and payment of taxes by one cotenant are not, in tenancies in common, necessarily acts of disseisin. There must be an entry and continuous exclusive possession under a claim of exclusive right. Possession and use by one tenant in common will not, of itself, repel the presumption that the possession is that of all the tenants in common. The intent to hold as exclusive owner, repudiating the rights of cotenants, must be established by proof and brought home to them.
Monte v. Montalbano, 274 Ala. 6 at 11, 145 So.2d 197 at 200 (1962). See Emonds v. Emonds, 388 So.2d 552 (Ala. 1980).
The facts of this case do not allow defendant to divest plaintiff of his interest in the disputed property either by statutory adverse possession, or by adverse possession by prescription. Although there are other obstacles preventing defendant's claim of complete ownership of the property, the following analysis is sufficient for the purpose of our review. Defendant's claim of statutory adverse possession is not supported by the record. Although she testified *Page 161 
that she and her husband paid taxes on the property for 24 years, the record does not reflect the fact that the taxes were listed in their names. Section 5-6-200 (a)(2) is specific in that which it requires. The specific requirement is that one claiming by adverse possession "shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation." § 6-5-200 (a)(2). We cannot infer that "paying" taxes is the same as "listing" the land for taxation in the name of the party claiming by adverse possession. It is possible to pay taxes on a parcel of land without having it listed in the payor's name. This failure of the evidence defeats defendant's claim by statutory adverse possession under § 6-5-200 (a)(2).
Next, we consider defendant's contention that she effected adverse possession by prescription. That claim is also unsupported by the record. As we noted above, adverse possession by prescription requires a 20-year period, as opposed to the 10-year period needed for statutory adverse possession. In the instant case, plaintiff commenced action in 1979. It is undisputed that defendant and her husband had been in possession of the property since 1956. The first incident, supported by competent evidence in the record, that arguably might support defendant's claim for adverse possession by prescription is the 1961 shoot-out between plaintiff and defendant's husband. Assuming, without deciding, that the incident supports defendant's claim, it is within 20 years from the date plaintiff brought action for a sale and division of the property. Therefore, she cannot claim adverse possession for a period of twenty years and come within the doctrine of prescription.
We note that "when judgment is based on evidence taken by the trial court ore tenus, it will not be set aside unless clearly erroneous or unsupported by credible evidence under any reasonable aspect of that evidence." Hand v. Stanard, supra;English v. Brantley, 361 So.2d 549 (Ala. 1978); Hill v.Delchamps, 294 Ala. 14, 310 So.2d 871 (1975). Recognizing the application of that rule, we, nevertheless, find it necessary, considering the evidence adduced at trial, to reverse and remand for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.