PER CURIAM.
This appeal is from a judgment ordering “heir” property sold for division of the proceeds among tenants in common. We affirm.
In 1921, Julia A. Knouff, then a widow, deeded to her daughter, Bessie M. Knouff Wiltshire, certain lands, with the following proviso:
“It is understood and agreed that the said Julia A. Knouff is to have possession of said lands during her life, and at her death to go to said Bessie M. Knouff Wiltshire, during her natural life and at her death to go to her heirs, and if she have no heirs the same to be the property of the heirs of Julia A. Knouff.”
This tract contained 133 acres and is referred to by the trial court as Tract I.
Julia A. Knouff died intestate in 1930. She had six children who survived her. Her son, S.S. Knouff, petitioned the court and was granted letters of administration of her estate. At the time of her death, Julia owned certain realty in addition to the 133 acres in which her daughter, Bessie, held a life estate.
In 1935, taxes were not paid on a separate forty-acre tract that was part of Julia’s estate, and it was sold for taxes to the administrator of Julia’s estate, S.S. Knouff, *1156 who received a tax deed to this forty-acre tract in 1937. This tract is referred to as Tract II.
Bessie M. Knouff Wiltshire died at the age of 108 in 1982. She left no descendents. Certain heirs of Julia filed an action for sale of the 133 acres in which Bessie had a- life estate and a division of the proceeds. J.R. Knouff, the son and heir of S.S. Knouff, sought to quiet title in himself to the forty acres (Tract II). The cases were consolidated, and the trial court, after an ore tenus hearing, held that both Tract I and Tract II were owned jointly by Julia’s heirs at law. After finding that the land could not be divided in kind, the court ordered both tracts sold at public auction and the proceeds divided among Julia’s heirs. J.R. Knouff and his wife appeal, but argue only that the twenty-year rule of repose recognized in this state is an absolute bar to the court’s judgment ordering the public sale of the forty-acre tract (Tract II) for division of the proceeds. They apparently concede, as they must, that the twenty-year prescriptive period or rule of repose does not begin to run against the remaindermen as to the 133-acre tract until the death of Bessie, the life tenant. Gilley v. Daniel, 378 So.2d 716 (Ala.1979); Hammond v. Shipp, 292 Ala. 113, 289 So.2d 802 (1974); cases collected at Ala.Dig., Remainders, Key # 1713.
J.R. Knouff and his wife argue that the twenty-year period of repose is an absolute bar to the claims of the other heirs of Julia Knouff because J.R. claims under the tax deed issued to his father, S.S. Knouff, in 1937. He is incorrect in this assertion. Title to this forty-acre tract vested in the heirs of Julia at her death in 1930. Although S.S. Knouff, the administrator of the estate, bought the property at a tax sale and took a tax deed in his name individually, his doing so is deemed in law to be for the benefit of all the tenants in common, he being a tenant in common with the other heirs of Julia. Johns v. Johns, 93 Ala. 239, 9 So. 419 (1890); Scott v. Brown, 106 Ala. 604, 17 So. 731 (1894); Bracely v. Noble, 201 Ala. 74, 77 So. 368 (1917); Sherrill v. Sandlin, 232 Ala. 389, 168 So. 426 (1936); Gordon v. McLemore, 237 Ala. 270, 186 So. 470 (1939); Coppett v. Monahan, 267 Ala. 572, 103 So.2d 169 (1958).
J.R. Knouff attempted to convince the trial court that he, and his father before him, had possessed the forty-acre tract adversely to the interests of the other tenants in common since the date of the tax deed. There is a strong presumption in the law that the possession of one co-tenant is the possession of all, and possession by one tenant in common alone does not repel the presumption. Monte v. Montalbano, 274 Ala. 6, 145 So.2d 197 (1962). Neither do the payment of taxes and lapse of time. There must be an actual ouster, actually known to the other tenants in common, sufficient to apprise them of disseisin. Coppett v. Monahan, supra; Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962).
The reason for the presumption that possession by one tenant in common is for the benefit of all tenants in common is obvious. One co-tenant should not be favored over another simply because the latter makes no objection to the first co-tenant’s possessing and using the land they own in common. If the one using common land intends to deprive his co-tenant of his interest, he should have the burden of bringing his evil intent to the attention of his co-tenant. It is only after actual knowledge of the fact that the possession is hostile and intended to oust the co-tenant and defeat his common interest that the rule of repose begins to run against the co-tenant. One cannot be said to have slept on his rights unless it has been brought home to him that his rights have been invaded.
The evidence in this case supports the finding of the trial court.
On appeal, J.R. Knouff argues that he should have been permitted to purchase the forty acres under the procedure established by § 35-6-100, Code 1975. He points to no ruling of the trial court on this issue, so nothing is presented on appeal for our review.
We have considered all issues properly before us and conclude that the judgment
*1157 of the trial court is due to be, and it hereby is, affirmed. AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.