This case involves the redemption of property, pursuant to Ala.Code 1975, §§ 40-10-82 and -83.
Marla A. Craig filed a two-count complaint against Delores Willcox, wherein Craig sought to quiet title in certain property located in Mobile County, Alabama. In the second count of the complaint, Craig sought, pursuant to § 40-10-83, to redeem this property, which Willcox had purchased at a tax sale.
Willcox filed an answer, wherein she alleged that the redemption of the property from a tax sale was barred by the statute of limitations, pursuant to § 40-10-82.
*1003 Craig filed a motion for summary judgment. Willcox filed a motion for summary judgment as to count two of the complaint. After a hearing the trial court issued an order, dated March 25, 1994, which granted the motion for summary judgment in favor of Willcox.
Craig filed a motion for reconsideration and a motion to strike portions of the affidavit filed by Willcox. Willcox filed a motion for summary judgment as to count one. After a hearing the trial court issued an order, dated July 6, 1994, which denied the motion for reconsideration and the motion to strike and granted the motion for summary judgment in favor of Willcox.
Craig appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
This court notes that this is a summary judgment case. On review of a summary judgment, the appellate court must view all the evidence in a light most favorable to the non-movant, and the appellate court must entertain all reasonable inferences from the evidence in favor of the non-movant. Lee v. City of Gadsden, 592 So.2d 1036 (Ala.1992).
With the above in mind, our review of the record reveals the following pertinent facts: Willcox owned property which adjoined the subject property and was acquainted with Leon and Hattie Brown, owners of the subject property. Willcox purchased the subject property at a tax sale in June 1980. Thereafter, Willcox obtained a tax deed for the subject property, dated August 26, 1983.
At the time that Willcox purchased the subject property, it was owned by Hattie Brown, who resided in the house located on the subject property. Brown was a widow who had inherited the subject property from her husband, Leon Brown, upon his death. Brown continued to reside on the subject property with Willeox’s permission until her death in 1989. The record reveals that some time prior to Brown’s death in 1989, Leroy Thrash and his wife, Texanna Thrash, moved into the residence on the subject property to care for Brown. The Thrashes continued to reside on the subject property following the death of Brown.
The record does not include a copy of Brown’s will, but it does contain a copy of a September 24,1991, order of the circuit court in a lawsuit involving Brown’s estate. A dispute arose between the Thrashes and Craig, who was Brown’s godchild, and a lawsuit was filed.
The September 24, 1991, order provided that the following settlement had been reached between the parties: The Thrashes were to have a life estate in the house and subject property for as long as they lived and for as long as they met certain conditions contained in the order. If the Thrashes failed to meet the conditions, then the order provided that the property was to automatically revert to Craig. This order provided that Craig was to use her best efforts to redeem the property. The order also provided that the provisions of the order were to be accomplished by the execution of a deed by the Thrashes, reserving a life estate in the Thrashes. The deed was to be delivered to Craig.
By letter dated February 17, 1992, Willcox was notified that Craig desired to redeem the property pursuant to § 40-10-83. Thereafter, the present cause of action was filed in November 1992.
In its order of July 6, 1994, the learned and distinguished trial judge made the following pertinent statements:
“The court finds that [Craig] does not have possession of the subject property nor is she entitled to possession. [Craig] has a remainder interest in the subject property pursuant to [the September 24, 1991, order of the circuit court]. [Craig] will have the right to possession only on the death of the survivor of Leroy and Texanna Thrash, but is not now entitled to possession. After the three (3) year redemption period provided in Ala.Code § 40-10-82 has passed, only the original owners or their successors who have possession may redeem. O’Connor v. Rabren, 373 So.2d 302 (Ala. 1979). [Craig] is not entitled to redeem from the tax sale made the basis of her suit.”
*1004 On appeal Craig contends that Willcox must prove adverse possession in excess of three years to defeat Craig’s claim of redemption brought pursuant to § 40-10-83 and that Craig has possession through the life estate tenant sufficient to redeem the property pursuant to § 40-10-83.
Our supreme court stated the following in Gulf Land Co. v. Buzzelli, 501 So.2d 1211, 1213 (Ala.1987):
“We have stated many times that the purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser.
“Code 1975, § 40-10-82, does establish a ‘short statute of limitations’ for tax deed cases. This section states that the redemption action must be filed within three years from the date when the purchaser became entitled to demand a deed for the property. We have held that this statute does not begin to run until the purchaser is in adverse possession of the land and has become entitled to demand a deed to the land. In order for the short period of § 40-10-82 to bar redemption under § 40-10-88, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed.”
(Citations omitted) (emphasis added).
As previously noted, the record reveals that Brown continued to live on the property from the time that the subject property was purchased at the tax sale in 1980 until her death in 1989. Brown continued to maintain the property and the grounds and continued to pay the utility bills. After Brown’s death, the Thrashes continued to reside on the subject property, and since 1991 the Thrashes have had a life estate in the subject property. In her affidavit, Willcox admits that she has not entered into any lease with the Thrashes “in view of the adverse claim of [Craig] asserted after the death of [Brown].”
In her affidavit Willcox also states that she has “paid taxes on this property ever since buying this property in 1980 and [has] assessed this property in my name ever since obtaining my tax deed to this property [in 1983].” However, because her only act of ownership was the payment of the taxes, this is not sufficient to prove that Willcox was in adverse possession of the subject property. See Jones v. Jones, 423 So.2d 158 (Ala.1982). Consequently, Willcox has failed to meet the requirements necessary to bar- redemption of the property, pursuant to § 40-10-82.
In addition, we would note that our supreme court stated the following in Monte v. Montalbano, 274 Ala. 6, 10, 145 So.2d 197, 199 (1962): “The statute of limitations never runs against the remaindermen or reversion-er during the existence of the life estate, nor can there be any adverse possession as to him.”
In order for a summary judgment to be proper, the pleadings and affidavits submitted by the movant must show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala. 1981).
In view of the above, the trial court committed reversible error when it granted the motion for summary judgment in favor of Willcox.
The judgment of the trial court is due to be reversed and the case remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.