INGRAM, Justice.
This case concerns the sale of 199 acres of land for a division of the proceeds. The land, valued at approximately $330,000, passed by intestacy to L.B. Brock’s six adult children. Iva B. Starr, one of the children, petitioned for the sale and a division of the proceeds. The trial court ordered that the property be sold at “public outcry for cash.” Iris A. Kuklo, another of the children, appealed.
The undisputed facts are as follows: L.B. Brock died intestate; this parcel of approximately 199 acres passed to his six adult children. The property was rented. In 1982 and 1983 Starr collected the rentals and paid the ad valorem taxes. In subsequent years, other siblings took over the management of the property and collected the rents. However, they failed to pay the ad valorem taxes, and in June 1985 the property was sold to the state for taxes. In December 1985, Kuk-lo and her husband redeemed the property.
In 1993 Starr petitioned the court to have the property sold and the proceeds divided among the siblings. She alleged that she and her siblings were cotenants of the property and that the lands could not be equitably partitioned.[1] Kuklo answered, claiming that she and her husband owned the property, because they had redeemed it in 1985.
This Court has repeatedly held that a redemption by a cotenant following a tax sale inures to the benefit of all the other eotenants. Knouff v. Knouff, 485 So.2d 1155 *980 (Ala.1986); Coppett v. Monahan, 267 Ala. 572, 103 So.2d 169 (1958); Gordon v. McLemore, 237 Ala. 270, 186 So. 470 (1939); Johns v. Johns, 93 Ala. 239, 9 So. 419 (1891). Kuklo’s redemption of the property in 1985 was for the benefit of all the tenants in common. Furthermore, we have held that the partition of property owned by cotenants (or the sale of such property for a division of the proceeds) is a matter of right and may be ordered whether the cotenants’ title is legal or equitable. Mylin v. King, 139 Ala. 319, 35 So. 998 (1904). Therefore, we find no error in the trial court’s order for the sale of the property.
We also find no merit in Kuklo’s argument that the trial court erred in not allowing her to purchase the property pursuant to Ala.Code 1975, § 35-6-100. At no time during these proceedings did Kuklo notify the trial court that she desired to purchase the interest held by the other coten-ants.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and BUTTS, JJ„ concur.

. There is no dispute that the land was not capable of being equitably divided.